JENSEN, Respondent, v. GRIFFIN et al, Appellants.

(168 N. W. 764).

(File No. 3875.    Opinion filed Sept. 3, 1918.    Rehearing denied
November 4, 1918).

1.  **Homesteads—New Homestead—Mechanic's Lien or, Notice to of
Homestead Claim—Intention to Occupy Premises, Insufficient
Findings Re.**

In a suit to enforce a mechanic's lien, against premises claim-
ed by defendants as a homestead, trial court having found that
defendants husband and wife never communicated with parties
furnishing labor and material for the house in question, the
fact that the house was being erected for their dwelling, that
the first knowledge said claimants had that defendants intended
to so occupy the house was about the time of its completion,
and that defendants never after contracting for the house an-
nounced, or so conducted themselves as to give the public the
impression that they were erecting same as their dwelling to
be occupied by them as a home, the court not finding any fact
or circumstance in connection therewith that would suggest
to the claimants the fact that defendants intended to occupy
same as a home, or to put contractors upon inquiry, held, that
said findings did not follow the conditions laid down in the
former opinion (32 S. D. 613), that the new findings are merely
of evidentiary matters not conclusive of the fact as to when
and by whom the intention was formed to occupy the new
premises as a home; that being the important issue.

2.  **Same—Materialmens' Claim—Intention to Erect House for Non-
homestead Purposes, Effect Re Liens—Rule—Estoppel, Burden
of Proof re.**

If at time of contracting for material for a new house, it was
the intention of husband and wife to erect it for non-homestead
purposes, then mechanic's liens attached both to the building
and the land on which it stands; but if at that time they in-
tended that it should be their home, then the liens never at-
tached to either building or land, unless acts of estoppel be
proven, which claimant has the burden of showing; construing
Pol. Code, Sec. 3228, providing that owner may from time to
time change limits of homestead by changing metes and bounds,
as well as record of description, or may change it entirely, but
that such changes shall not prejudice conveyances or liens made
or created, previously thereto.

Appeal from Circuit Court, Miner County.    Hon. Alva E.
Taylor, Judge.

Action by J. N. Jensen, against Richard Griffin and others, to enforce a mechanic's lien. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Reversed and remanded for further proceedings.

See 32 S. D. 613, 144 N. W. 190.

*Farmer & Blewitt,* and *Caldwell & Baldwin,* for Appellants.
*Null & Royhl,* for Respondents.

(2) To point two of the opinion, Appellants cited:
Kingman vs. O'Callaghan, 4 S. D. 628.

GATES, J.   This case was formerly before this court, and the judgment of the trial court was then reversed for the reasons mentioned in the opinion reported in 32 S. D. 613, 144 N. W. 119, 50 L. R. A. (N. S.) 1128. Reference is made to that opinion for a complete understanding of the facts. A new trial was had, upon which the trial court found the facts as upon the former trial, but in addition thereto found the following:

"XVII.   That at no time prior to the furnishing of the labor and materials for the erection of the new house did the defendants Richard Griffin and Beatrice A. Griffin, or either of them, communicate to the parties furnishing the labor and materials for said house the fact that said new house was being erected for the purpose of being occupied by the Griffins as their dwelling, and the first knowledge the parties now claiming mechanic's liens had that the Griffins intended to occupy said new house as a dwelling was when the Griffins moved into said new house about the time of its completion, about May 1, 1911.

"XVIII.   That at no time prior to the making of the contract and the furnishing of the labor and materials for the said new house did the Griffins, or either of them, make any announcement or so conduct themselves as to give the public the impression that they were erecting said new house as their dwelling to be occupied by them as a home, and the court does not find any fact or circumstances connected with the erection of said house or in the conduct of the Griffins in connection therewith that would suggest to the parties furnishing the labor and materials the fact that the Griffins intended to occupy said house as a home or put such contractors upon inquiry concerning the matter.

"XIX.   That the first manifestation of an intention upon the

part of the Griffins to occupy the new house as a home was when they moved into the house about May 1, 1911."

Conclusions of law and judgment were entered sustaining the mechanic's liens upon the newly erected house and the lot upon which it is situated. From the judgment and order denying a new trial defendants Griffin and defendant McCullough appeal.

[1] We are of the view that the trial court failed to make a finding upon the important issue as to when Mr. and Mrs. Griffin formed the intention of using the new building as a part of the homestead. The findings made by the trial court did not follow the conditions laid down in the former opinion. The new findings are merely findings of evidentiary matters which might or might not aid the trial court in determining the important question of fact as to when and by whom the intention was formed to occupy the new premises as a home. As to that question there is still no finding. For the future guidance of the trial court we lay down the following rules:

[2] If at the time of contracting for the material for the new house it was the intention of both husband and wife to erect it for nonhomestead purposes, then the mechanics' liens attached both to the building and the land upon which it was situated. Chas. Betcher Co. v. Cleveland, 13 S. D. 347, 83 N. W. 366.

If at that time both husband and wife intended that the new house should be their home, then the liens never attached to either building or land (Pol. Code § 3228), unless acts of estoppel be proven, which respondent has the burden of showing.

The judgment and order appealed from are reversed, and the cause remanded for further proceedings not inconsistent herewith.