STATE, Respondent, v. MOLSEED, Appellant.

(192 N. W. 742.)

(File No. 5215. Opinion filed March 14, 1923.)

Jury—Challenges—Bias—Trial—Talesman—No Challenge For Implied Bias for Prior Service on Jury by Persons Not Called as Talesman.

It is not a ground of challenge under Rev. Code 1919, Sec. 4857, subd. 8, that the persons challenged have served as jurors within two years; it is only where they have served as jurors, called as talesmen, within two years, that the cause for challenge for implied bias exists.

Appeal from Circuit Court, Minnehaha County; Hon. JOHN T. MEDIN, Judge.

James Molseed was convicted of larceny of an automobile, and he appeals. Affirmed.

See also, 190 N. W. 554.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Byron S. Payne,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for Respondent.

As to who are talesmen, Appellant cited: Rev. Code 1919, Secs. 5284, 5287, 5288, 5289, 5297, 5298, 4830, 4834; Cooley's Blackstone, Second Edition, Vol. 2, p. 255; Nesbit v. People (Colo.), 36 Pac. 229; Ford v. State (Ga.), 76 S. E. 1079; State v. Walsh, 25 S. D. 30.

Respondent cited: Shields v. Niagara County Savings Bank, 3 Hun. (N. Y.) 477; Wallace v. Columbia, 48 Me. 436; 16 R. C. L. 231; Nisbit v. People (Colo.), 36 Pac. 229; State v. Walsh, 25 S. D. 30; Louisville, New Orleons & Tex. Ry. Co. v. Jessie O. Mask, 61 Miss. 740. and 744.

GATES, J. Defendant was convicted of the crime of larceny of an automobile, and he appeals.

Denial of a challenge to certain jurors on the ground hereinafter stated is assigned as error. Section 4857, Rev. Code 1919, provides:

"A challenge for implied bias may be taken for all or any of the following causes, and for no other:

&ast; &ast; &ast; &ast; .&ast; &ast;

"8. Having been called as a talesman and served as a juror on the trial of a cause in any court of record in the county within two years previous to the time of his being offered as a juror. &ast; &ast; &ast;"

The trial court denied the challenge, because it decided that these jurors were not talesmen (section 5298), but were summoned under section 5297, Rev. Code 1919. Whether jurors summoned under section 5297 were or were not talesmen was entirely beside the point. In an obiter statement in State v. Walsh, 25 S. D. 30, 125 N. W. 295, jurors so summoned were referred to as talesmen. In this case the proof offered in support of the challenge went only so far as to show that these proposed jurors had served as jurors within two years. It did not show that they had served as talesmen within two years.

It is not a ground of challenge under section 4857, subd. 8, that the persons challenged have served as jurors within two years. It is only where they have served as jurors, called as talesmen, within two years, that the cause for challenge for implied bias exists. The trial court did not err in denying the challenge.

Many other errors are assigned, but a careful consideration of them does not disclose that defendant has not had a fair and impartial trial, nor is there anything therein that requires special discussion.

The judgment and order denying new trial are affirmed.

Note—Reported in 192 N. W. 742. See American Key-Numbered Digest, Jury, Key-No. 94, 24 Cyc. 279.