CHADDOCK et al, Respondents, v. AMERICAN BAPTIST HOME MISSION SOCIETY et al, Appellants.

(192 N. W. 742.)

(File No. 5104.  Opinion filed March 14, 1923.)

1.  **Appeal and Error—Findings—Trial Findings Not Reversed Unless Clearly Contrary to Evidence.**

    The Supreme Court will not reverse the trial court's findings unless there is a clear preponderance of evidence against such findings.

2.  **Charities—Preponderance of Evidence—Wills—Bequests—Evidence Held Sufficient to Sustain Findings Identifying Beneficiary of Trust.**

    Evidence of testator's religious affiliations and charitable gifts during his life time with other circumstances held to sustain a decree determining that a bequest in his will in trust to the "Freeman's Aid of South Carolina" was intended for the Freeman's Aid and Missionary Society, an organization of the Methodist Episcopal Church, and not in favor of the American Baptist Home Mission Society, both of which were engaged in negro missionary work in South Carolina.

Appeal from Circuit Court, Minnehaha County; HON. JOHN T. MEDIN, Judge.

Suit by Frank E. Chaddock and another, executors of the last will and testament of Martha K. Harmon, deceased, against the American Home Baptist Home Missions Society impleaded with the Freedman's Aid & Missionary Society, and others, to determine the identity of the beneficiary named in the will of deceased. From an adverse decree, the American Baptist Home Mission Society appeals.  Affirmed.

*Bailey & Voorhees,* of Sioux Falls, for Appellants.

*Jones & Matthews,* of Sioux Falls, for Respondents.

(1)  To point one of the opinion, Respondent cited:  Gingles et al v. Sav. Bank of Hartford et al (S. D.), 146 N. W. 596; First Nat. Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14; Reagen v. McKibben, 11 S. D. 270, 76 N. W. 943; Larson v. Dutiel, 14 S. D. 476, 85 N. W. 1006; International Harvester Co. v. McKeever, 21 S. D. 91, 109 N. W. 542; Clark v. Else, 21 S. D. 112, 110 N. W. 88; Peever Merc. Co. v. State Mut. F. Assn., 23 S. D. 1, 119 N. W. 1108, 19 Ann. Cas. 1236; Empson v. Reliance Gold Min. Co. v. Gardner, 18 S. D. 166, 99 N. W. 1105; Mead v.

Mellette, 18 S. D. 523, 101 N. W. 355; Godfrey v. Faust, 18 S. D. 567, 101 N. W. 718; Murphy v. Dafoe, 18 S. D. 42, 99 N. W. 86; Breeden v. Martens, 21 S. D. 357, 112 N. W. 960; on parol and extrinsic evidence to explain will and establish identity, respondent cited: Rev. Code 1919, Sec. 666; Vol. 5, Words and Phrases, p. 4012; Gilmer v. Stone, 120 U. S. 586 and 734; 14 notes Am. Rep. 1071; Uniton Trust Co. v. St. Lukes, 77 N. Y. Suppl. 528; Hitchcock v. Board of Home Missions (Ill.), 102 N. E. 741-744; 5 R. C. L., Sec. 26, p. 311; Dougherty v. Rogers (Ind.), 20 N. E. 780, 781; Hawkins v. Garland's Admr., 76 Va. 149; Hinkley v. Thatcher (Mass.), 52 Am. Rep. 719; Norland v. Brady, 34 Am. Rep. 581; Kurtz v. Hibbner (Ill.), 8 Am. Rep. 586; 1 Jarm. Wills 376; Patch v. White, 117 U. S. 217; Allen's Exrs. v. Allen, 59 U. S., 18 How. 385, 393; Margon v. Burrown, 45 Wis. 217; Brewster v. McCall, 15 Conn. 274; Women's Foreign Mission Society v. Mitchell (Md.), 53 R. L. A. 711; Van Gorder v. Smith, 99 Ind. 404; Homes v. Meade, 52 N. Y. 332; 1 Redfield on Wills, p. 691; South New-market Methodist Seminary v. Peaslee, 15 N. H. 317; Lefevre v. Lefevre, 59 N. Y. 434; Tuckers v. Seaman's Aid Soc., 7 Met. 188; re declaration of testator: 16 A. L. R. 2 and cases cited; Dunham v. Aveill, 45 Conn. 61, 29 Am. Rep. 642; 104 Pa. State 228; Kennedy's Will (N. Y.), 60 N. E. 442; Throckmorton v. Holt, 21 S. C. Rep. 274; Sec. 1318, Civ. Code, Cal., Vol 2, Kerr's Code and Notes.

ANDERSON, P. J. Plaintiffs, as executors of the last will of Martha K. Harmon, commenced suit to determine identity of the beneficiary named in the will of William J. Ely, deceased. Decedent was a resident of Valley Springs, this state, for a number of years. The will was executed January 24, 1906. Testator died in March, 1912. The estate was duly probated in the county court, Minnehaha county. The fourth paragraph of the will reads:

"All the residue and remainder of my estate * * * I give, devise and bequeath to my niece, Martha K. Harmon, to hold in trust for the missions to go to the Freeman's Aid of South Carolina."

The residue of the estate, amounting to $6,000 or $7,000, was assigned in the final decree to said Harmon, as trustee, for the Freedman's Aid of South Carolina. Said Harmon, who was formerly Martha K. Robinson, receipted for same August 11, 1914;

but the trust is still unadministered, as she and her executors were uncertain as to who was intended by beneficiary as named. Said Harmon died March 18, 1918, and this action was brought by her executors to determine whom testator intended by Freeman's Aid of South Carolina." Ely was a native of New York state. He was divorced from his first wife, with whom he had much trouble, and moved to Valley Springs in 1890, when he was married to Mary Benedict Ely, who survives him and with whom he lived very happily until his death. Ely was a member of the Free Will Baptist Church at Valley Springs until 1903, when he was dismissed from that connection. He ceased active work in the Baptist Church in the year 1898. He severed his connections with this church because of trouble with one James Eschels, another member of that church. Ely's second wife, of whom he was very fond, was a devoted member of the Methodist Episcopal Church at Valley Springs. In 1909 Ely and wife were members of the quarterly conference, the official board, and were trustees of said Methodist Church. They remained in these positions and actively engaged in the duties thereof until Ely's death. He was married in this church. His funeral sermon was preached by pastor thereof. Ely was on a number of committees and was chairman of the board of trustees for several years. He and his wife were trustees of this church during the year Ely made the will. For many years his wife was on the committee on missions. Ely was the largest giver in the church. He gave to practically all its objects, and he was especially interested in benevolences. Ely gave regularly to charities. He gave to the Baptists, the Methodists, and the Anti-Saloon League. He gave $7,000 to Wesleyan University of Mitchell, S. D., an institution supported by the Methodist Church. There is some evidence that in early life he was a member of the Baptist Church. His niece and trustee, who lived in New York state, was a member of that church. After his death, his then wife, and four children by first wife, appeared in the trial court claiming that the trust had failed. The American Baptist Home Mission Society, and the Freedman's Aid Society of the Methodist Church, both corporations, appeared and each claimed to be the beneficiary named in the will. The court below found in favor of the trust, and the heirs did not appeal; thus leaving the contest between the American Baptist Home Mission

Society, and the Freedman's Aid Society of the Methodist Episcopal Church. It appears that these two corporations are engaged in similar work in South Carolina. The American Home Mission Society has headquarters in the city of New York, and is engaged in home mission work throughout North America. It maintains at Columbia, S. C., a school for negroes known as Benedict College. This was established since 1890. The buildings and grounds are valued at $70,000. At the close of the Civil War the Methodist Episcopal Church North organized a society named the Freedman's Aid Society of the Methodist Episcopal Church, which was incorporated in the year 1866. The headquarters of this organization are at Cincinnati, Ohio. Its purpose was to establish and maintain institutions for Christian Education among the colored people in the Southern States and elsewhere, it being the purpose of the Methodist Church to aid in the development of higher Christian Education among the colored people. It has now 18 schools in the Southern States. The last and best of which it maintains is Claflin University at Orangeburg, S. C. This school was established in 1869, by Freedman's Aid Society of the Methodist Episcopal Church, and has been maintained for 52 years by said society. It has an enrollment of 874. Buildings and grounds of institution are of the value of $500,000. It is one of the largest and most complete schools for negroes in the country and ranks with Hampton and Tuskegee.

[1, 2] The trial court made findings favorable to the Methodist Episcopal Church, and entered judgment accordingly. There is always a presumption of law in favor of the findings of the trial court. The Supreme Court will not reverse the trial court's findings unless there is a clear preponderance of the evidence against such findings. We have with much care examined the evidence, and we are unable to say that there is a clear preponderance of the evidence against the decision of the trial court.

The order overruling appellants' motion for new trial, and the judgment of the trial court, are affirmed.

Note—Reported in 192 N. W. 742. See American Key-Numbered Digest, (1) Appeal and Error, Key-No. 1012(1), 4 C. J. Sec. 2857; (2) Charities, Key-No. 32, 11 C. J. Sec. 61; Wills, Identification of Beneficiary, 10 R. C. L. 1079.