FARMERS' & MERCHANTS' NATIONAL BANK OF MIL-
BANK, Appellant, v. BANK OF COMMERCE, Respondent.

(206 N. W. 691.)

(File No. 5611.  Opinion filed December 18, 1925.)

1.  **Appeal and Error—Findings—Finding of Fact Against Which There is no Clear Preponderance of Evidence Not Disturbed, as it is Presumptively Correct.**

    Finding of fact against which there is no clear preponderance of evidence will not be disturbed by Supreme Court, as it is presumptively correct.

2.  **Trial—Findings—Finding, Not Based on Conflicting Evidence, That Land Was Homestead, is More Properly a Conclusion of Law.**

3.  **Homestead—Evidence—Finding That 80-Acre Tract Was Occupied as Homestead Held Supported by Evidence.**

    Where 80-acre tract, though not contiguous to 80-acre tract on which husband and wife lived, was used with it for hay, pasturage, and grain growing, finding that it was occupied as homestead held supported by evidence, in view of Rev. Code 1919, Sec. 458.

**4. Homestead—Husband and Wife—Mortgage of Homestead Signed by Husband Only Was Absolutely Void.**

Mortgage of homestead signed by husband only, without wife joining, was absolutely void.

Appeal from Circuit Court, Grant County; Hon. Robert D. Gardner, Judge.

Action by the Farmers' & Merchants' Bank of Milbank against the Bank of Commerce of Milbank and another. From an adverse judgment and from an order denying a new trial, plaintiff appeals. Affirmed.

*Robert D. Jones,* of Milbank, for Appellant.

*Turner & McKenna,* of Sisseton, for Respondent.

Appellant cited: Kelly v. Williams (Ia.), 81 N. W. 230, 13 R. C. L. 578; Brandies v. Perry, 63 A. S. R. 164; Brixius v. Reinreinger (Minn.) 118 A. S. R. 629, 112 N. W. 273; Clements v. Crawford County Bank, 62 A. S. R. 149; Walters v. People, 18 Ill. 194.

Respondent cited: Bensel v. Grogan (Wis.), 29 N. W. 895.

MORIARTY, C. This action was brought by the appellant, Farmers' & Merchants' National Bank of Milbank, for the purpose of restraining the sheriff of Grant county from issuing a sheriff's deed conveying to the respondent a certain 80-acre tract of land, situate in said county. The appellant's complaint further prays that in this action the rights of the parties be adjudicated, and that plaintiff be adjudged to have a lien upon said land superior to that of respondent, and to have a right to the issuance of a sheriff's deed conveying to appellant the land in controversy.

The facts are as follows: On November 5, 1902, one Bridget Kane was the owner of the west half of the southwest quarter of section 27, township 121, range 50, in Grant county, S. D., and also of the east half of the southwest quarter of section 34 in said township. On that date she mortgaged the land in section 34 to one Henry Avery for the sum of $400. Said mortgage was duly recorded on November 5, 1902. After the recording thereof, the said mortgage was duly assigned by Henry Avery to the Farmers' & Merchants' Loan Company of Milbank, S. D., and the assignment thereof was duly recorded on January 16, 1922. This mortgage was foreclosed, and on March 8, 1922, the sheriff of

Grant county issued a certificate of sale to the Farmers' & Merchants' Loan Company of Milbank, and this certificate was duly recorded. Bridget Kane died about the year 1909, leaving a will by which her son, Stephen Kane, acquired title to an undivided interest in the land in section 27. Thereafter Stephen Kane married and took up his residence on this land in section 27.

During the year 1919 Stephen Kane purchased from a sister an undivided two-thirds interest in the land in section 34, which will hereafter be referred to as the land in controversy.

On October 4, 1920, Stephen Kane executed and delivered to the Marvin State Bank, of Marvin, S. D., a certain mortgage whereby he purported to mortgage to said bank his undivided two-thirds interest in the land in controversy. This mortgage was not recorded until December 23, 1920, and when recorded it contained a clause as follows: "The mortgagee hereby states and warrants that the above-described land is not a homestead." This mortgage was duly assigned to the appellant bank.

During the year 1920, and for some years prior thereto, Stephen Kane farmed the land in controversy in connection with the land in section 27 on which he was residing with his wife and several children. He used the two 80-acre tracts together for hay, pasturage, and grain growing, although they were noncontiguous, a quarter section lying between them. Mabel Kane, the wife of Stephen Kane, refused to sign the mortgage which her husband gave to the Marvin State Bank, and on December 2, 1920, before the mortgage was recorded, Stephen Kane made a warranty deed conveying the land in controversy to his wife, Mabel Kane. On February 28, 1923, Mabel Kane and Stephen Kane, her husband, mortgaged the land in controversy to the respondent bank.

On March 18, 1923, both appellant and respondent tendered to the sheriff of Grant county amounts each of which were sufficient to redeem from the foreclosure sale made by the Farmers' & Merchants' Loan Company as aforesaid. The payment tendered by the respondent was accepted, and that tendered by appellant was rejected and returned to the sheriff, who returned it to the appellant.

The case was tried to the court without a jury—appellant contending that its mortgage originally given to the Marvin State Bank is a valid mortgage lien on the land in controversy, and,

because of the priority of date and recording, superior to respondent's mortgage, and giving it (the appellant) the prior right of redemption; and the respondent contending that the appellant has no lien and no right of redemption, because the land in controversy was, at the date of said mortgage, the legal homestead of Stephen Kane and his family, and could not be mortgaged without his wife joining in the execution of the mortgage. And respondent further contends that said mortgage was not legally delivered, but, when signed by Stephen Kane, was left in the hands of the cashier with the understanding that, unless Mabel Kane consented to join in the execution thereof, the paper was to be returned to Stephen Kane. And the respondent further contends that, after Stephen Kane signed the mortgage to the Marvin State Bank, officers of the payee bank altered the instrument by erasing the name of Mabel Kane from the body of the instrument and from the acknowledgment thereto attached, and by inserting in the instrument the clause representing that the land was not a homestead.

The trial court made findings and conclusions favorable to respondent's contentions, and entered judgment in accordance therewith. Appellant's motion for a new trial was denied by the trial court, and from the judgment and the order denying a new trial this appeal is taken.

Appellant's brief presents ten assignments of error. No question is raised as to the sufficiency of the findings to support the conclusions, or the sufficiency of the conclusions to justify the judgment. The sole contention is that the evidence is insufficient to sustain the findings.

[1] The trial court found that Stephen Kane and his family were occupying the land in controversy as their homestead, at the time the mortgage upon which appellant relies was signed by Kane. It also found that the clause as to the non homestead character of the land was inserted by the bank officers after Kane had affixed his signature to the mortgage, and that such insertion was made by said officers to make it appear that the mortgaged land was not the homestead of Kane and his family, when such officers well knew that said land was such homestead.

There is evidence to support each of these findings. Stephen Kane testified that the clause as to the non homestead character of

the land was not in the Marvin Bank's mortgage when he signed it. He further testified that the mortgage was left at the bank with the understanding that it should not be effective and should be returned to him, unless his wife consented to sign. And he further testified that, after he had signed, Matteson, the cashier, who was attending to the matter on behalf of the bank, came out to the Kanes' residence and talked with Mrs. Kane in Kane's presence, and that Mrs. Kane then refused to sign. Matteson disputes this. He says that he went out to see Mrs. Kane before Kane signed, that Mrs. Kane refused to sign, and that Kane signed afterward at the bank. He admits that Mrs. Kane's name was filled into the body of the mortgage as he originally prepared it and also into the acknowledgment, but he says that he erased her name, made corresponding changes in the pronouns, and inserted the clause as to homestead before Kane signed. This makes a conflict of evidence on these matters, and there is no preponderance against the finding of the trial court to the effect that the changes were made after Kane signed. There being no clear preponderance against the finding of the trial court, such finding is presumptively correct, and will not be disturbed by this court. Karlsson v. Odland, 46 S. D. 350, 192 N. W. 758; Steensland v. Noel, 28 S. D. 522, 134 N. W. 207; Chaddock v. Baptist Society, 46 S. D. 346, 192 N. W. 742.

[2, 3] The finding as to the land in controversy being the homestead of Kane and his wife is not based upon conflicting evidence. This is more properly a conclusion of law. But the trial court finds in detail the manner in which the land in controversy was used by Kane, in connection with the 80-acre tract on which he resided. There was no conflict in the evidence as to such use, nor is there any contention that the interest of Kane in the two tracts exceeded $5,000 in value. This being true, the trial court's finding of the ultimate fact that the land in controversy was being occupied as a homestead is amply supported by the evidence. The manner in which the land was being used by Kane brings it within the provisions of section 458 of the Revised Code.

[4] The trial court's finding that the land in controversy was being used as a homestead by Kane and his wife at the time Kane signed the mortgage relied upon by the appellant will not be disturbed by this court. And by the provisions of our homestead

law the mortgage signed by Kane and not joined in by his wife was absolutely void.

These findings of the trial court are conclusive of this appeal. The appellant had no valid lien giving it the right to redeem from the foreclosure. We find no error in the record, and the judgment and order appealed from are affirmed.

Note.—Reported in 206 N. W. 691. See, Headnote (1), American Key-Numbered Digest, Appeal and Error, Key-Nos. 93(1), 1012(1), 4 C. J. Secs. 2722, 2855; (2) Trial, Key-No. 404(2), 38 Cyc. 1980; (3) Homestead, Key-No. 70, 29 C. J. Secs. 111, 462; (4) Homestead, Key-No. 118(5), 29 C. J. Sec. 259.