Note.—Reported in 207 N. W. 467. See, Headnote (1), American Key-Numbered Digest, Banks and banking, Key-No. 15, 7. C. J. Sec. 15; (2) Banks and banking, Key-No. 15, 7 C. J. Sec. 15 (Anno.); (3) Banks and banking, Key-No. 4, 7 C. J. Sec. 15; (4) Constitutional law, Key-No. 296(1), Banks and banking, 7 C. J. Sec. 15; (5) Constitutional law, Key-No. 2(11), Banks and banking, 7 C. J. Sec. 15; (6) Constitutional law, Key-No. 205(1), Banks and banking, 7 C. J. Sec. 15; (7) Constitutional law, Key-No. 87, Banks and banking, 7 C. J. Sec. 15; (8) Taxation, Key-No. 40(2), Banks and banking, 7 C. J. Sec. 15; (9) Constitutional law, Key-No. 240(1), Banks and banking, 7 C. J. Sec. 15.

On constitutionality of Bank Guaranty Law, see note in 32 L. R. A. (N. S.) 1062, 1065.

---

O'NEILL, Appellant, v. BENNETT, et al., Respondents
(Robert O'Neill, Defendant.)

(207 N. W. 543.)

(File No. 5425.   Opinion filed March 1, 1926)

1. **Appeal and Error—Pleadings—Sufficiency of Counterclaim Will Not Be Considered, Where Record is Not Preserved so as to Bring Question Before Supreme Court.**

   Where appellant does not preserve his record so as to bring sufficiency of allegations of his counterclaim before Supreme Court, question cannot be considered.

2. **Pleading—Findings—Abatement—Finding, Supported by Evidence, That Actions Did Not Involve Same Issues and Parties, Held to Necessitate Overruling of Plea in Abatement.**

   Finding, supported by evidence, that action by purchaser against husband for purchase price of homestead did not in-

volve same issues and parties as wife's suit to quiet title in which purchaser counterclaimed for price paid, held to render unavailing husband's plea in abatement.

3. **Appeal and Error—Judgment.**

Supreme Court will reduce judgment which .evidence shows to be excessive.

4. **Homestead—Judgment—Husband's Conveyance of Homestead Without Consent of Wife Held Void, and Granting of Lien on premises for Money Judgment Recovered Against Husband Held Error (Pol. Code 1903, Sec. 3217).**

Where wife refused to consent to husband's conveyance to defendant of tract of land not a town plat, and not exceeding 160 acres constituting homestead, and husband thereafter conveyed land to wife for value, conveyance to defendant by husband was void under Pol. Code 1903, Sec. 3217, and it was error to give defendant a lien on premises for money judgment recovered against husband.

5. **Homestead—Quieting Title—Valuation of Homestead Held Unimportant, in Wife's Suit to Quiet Title Against Purchaser of Homestead From Husband Without Wife's Consent (Pol. Code 1903, Sec. 3217; Code Civ. Proc. 1903, Sec. 345; Rev. Code 1919, Sec. 1644, amended by Laws 1921, c. 280).**

In suit to quiet title to homestead by wife a bona fide purchaser thereof against purchaser from husband without her consent, in violation of Pol. Code 1903, Sec. 3217, whether value of homestead exceeded $5,000 is unimportant, except on a question between legal title holder to homestead and judgment creditor of owner, pursuant to Code Civ. Proc. 1903, Sec. 345, which rule was recognized in reference to mechanic's lien by Laws 1921, c. 280, amending Rev. Code 1919, Sec. 1644.

6. **Vendor and Purchaser—Liens—Statutory Vendee's Lien Applies Only to Land Which Vendor Could Convey, and Does Not Apply to Intervening Good-Faith Purchaser for Value (Rev. Code 1919, Sec. 1693).**

Rev. Code 1919, Sec. 1693, granting a vendee's lien, does not apply to an intervening good-faith purchaser for value, and can only apply to such land as vendor had a right to convey.

7. **Vendor and Purchaser—Liens—Contract for Sale or Deed to Premises, Which Vendor Has No Power to Convey, Cannot Be Foundation of Vendee's Lien.**

A contract for sale, or a deed void from beginning because of vendor's lack of power to transfer premises, cannot be foundation for vendee's lien.

Appeal from Circuit Court, Sanborn County; Hon. Frank B. Smith, Judge.

Action by Annie L. O'Neill against Joseph Bennett and others, in which defendants filed a cross-complaint and Robert O'Neill was brought in as an additional defendant. From the judgment, plaintiff and defendant Robert O'Neill appeal. Remanded, with instructions to modify judgment, and as so modified judgment affirmed.

*H. G. Giddings,* of Mitchell, for Appellants.

*T. J. Spangler,* of Mitchell, for Respendents.

(4) To point four of the opinion, Appellant cited: Barnett v. Mendenhall, 42 Io. 296; Clark v. Everett, 46 Io. 248; Cogswell v. Warrington, 66 Io. 666; Hansen v. Hansen, 40 S. D. 114, 166 N. W. 427; Keyser v. Cline, 29 S. D. 464, 137 N. W. 52.

CAMPBELL, J.   Annie O'Neill, the plaintiff herein, and the wife of Robert O'Neill, now one of the defendants, brought her action, alleging the purchase by her husband in 1916 of a quarter section of land in Sanborn county, upon which she and her husband and family took up their residence in 1917 with the intention of making the same their permanent residence and homestead; that on March 10, 1919, she executed a location, claim, and description of homestead, describing said land, and caused the same to be recorded in the office of the register of deeds of Sanborn county, on March 10, 1919, at 9 o'clock a. m.; that thereafter, and on the afternoon of March 10, 1919, plaintiff's husband, Robert O'Neill, executed and delivered a warranty deed purporting to convey said land to the defendant Johnson, in which deed plaintiff refused to join, and at which time said Johnson knew said land was a homestead, and knew plaintiff refused to join in a conveyance thereof; that the defendant Johnson subsequently deeded said land to defendant Bennett, who had knowledge of all the facts, and that the defendant Nelson claimed the right to occupy said land as the tenant of Bennett; that on March 20, 1919, plaintiff's husband, Robert O'Neill, executed and delivered a warranty deed conveying said premises to plaintiff; and plaintiff asked that the pretended deed of March 10th from Robert O'Neill to defendant Johnson be determined null and void, and that fee title to said land be quieted in plaintiff against all claims or liens of the defendants or any of them.   To this complaint the defendants answered, setting up title in the defendant Johnson by virtue of the

deed of March 10, 1919, from Robert O'Neill, alleging that Bennett had no interest in the premises, but that defendant Nelson was entitled to occupy the same as the tenant of defendant Johnson, and alleging that said premises were not in fact the homestead of the O'Neills at the time of the conveyance thereof by Robert O'Neill to Johnson on March 10, and praying that the title to said premises be quieted in the defendant Johnson.  Upon a trial of the case, the court found that said premises were not, at the time of conveyance to Johnson, the homestead of Robert O'Neill or Annie O'Neill, or either of them, that title to said premises passed to the defendant Johnson by virtue of the deed from Robert O'Neill on March 10, and entered judgment holding the defendant Johnson to be the absolute owner in fee of the premises, and quieting title thereto in him against the plaintiff, Annie O'Neill.

Thereupon the plaintiff, Annie O'Neill, appealed to this court, and the judgment of the lower court was reversed, and it was determined by this court, and has become the law of this case, that the quarter section in question was in fact the O'Neill homestead, and that the same had not been abandoned as such homestead, and that the deed from Robert O'Neill to defendant Johnson, on March 10th, passed no title to the premises.  O'Neill v. Bennett et al., 181 N. W. 97, 43 S. D. 569.

After the case was returned to the circuit court on remand from the former appeal, the defendants were granted leave to bring in plaintiff's husband, Robert O'Neill, as an additional defendant, and were further granted leave to amend their answer. The amended answer is substantially the same as the original answer, but with this addition to the allegations of the counterclaim and cross-complaint; namely, that the defendant Johnson has paid to the defendant Robert O'Neill on the purchase price of said land the sum of $10,000, no part of which has ever been repaid, and that the premises in question exceed the value of $5,000, and are of the reasonable value of $20,000, and that the pretended deed from Robert O'Neill to Annie O'Neill on March 10th was given without any consideration and with fraudulent intent.  The prayer is the same as that of the original answer—namely, that title to the premises be quieted in the defendant Johnson—but with the added alternative prayer that, if plaintiff, Annie O'Neill,

should prevail in this action, then that the defendant Johnson should have and recover from Robert O'Neill the said sum of $10,000 and interest, and that said money judgment against Robert O'Neill should be adjudged a first lien upon the premises in question as to all excess value of said premises over and above the homestead allowance of $5,000. Demurrer interposed by plaintiff to the amended answer was overruled, whereupon two separate replies were filed.

The defendant Robert O'Neill admitted the receipt of $7,700 from the defendant Johnson, but alleged said payment was made with full knowledge and notice that the premises were a home-stead, and that the wife refused to join in a conveyance thereof, and that very shortly after such payment the same was tendered back to defendant Johnson, who refused to accept it, and further pleading in abatement that the said Johnson had previously commenced an action in circuit court in Sanborn county against him (the said Robert O'Neill) and others, to recover said sum of $7,700, being the same identical debt upon which the said Johnson now sought to recover from him (Robert O'Neill) by the amended answer and cross-complaint in this action. The plaintiff replied to the allegations of the amended answer substantially as she had previously done, and specifically alleged that she paid to Robert O'Neill, full value for said premises, by him conveyed to her on March 20th, and alleged the existence of certain mortgages upon said premises which were first liens thereon at the time of the purchase by Robert O'Neill and had so continued.

The case was tried upon the issues so joined and the learned trial judge made findings and conclusions and entered judgment decreeing the plaintiff, Annie O'Neill, to be the owner in fee simple of the premises in question, decreeing that the defendant Johnson have and recover from the defendant Robert O'Neill the sum of $10,000, and forther decreeing that said money judgment against Robert O'Neill be made and created as a lien upon the value of the real estate, title to which was by the same judgment quieted in plaintiff, Annie O'Neill, over and above the homestead interest of $5,000 and the costs in the amount of $230.60 awarded to Annie O'Neill in this action, and existing incombrances thereon, and that, if said money judgment be not paid within 30 days, a special execution issue for the sale of said premises, and that out

of the proceeds thereof there be paid to the plaintiff, Annie
O'Neill, the sum of $5,000 as her homestead interest therein, to-
gether with her costs in this action to the amount of $230.60, that
an outstanding mortgage of $6,900 be next paid, without any
right of subrogation to Annie O'Neill for a valid, previously
existing mortgage of $3,000 paid off by her in 1921, and that the
proceeds of sale be next applied to said judgment in favor of
defendant Johnson and against defendant Robert O'Neill; the
overplus, if any, after said judment and all costs were paid to go
to the said Annie O'Neill.

The plaintiff Annie O'Neill, and the defendant Robert O'Neill
moved separately for new trial, and from the judgment and the
orders denying their motions for new trial, they now appeal.

[1-3] .We will consider first the contentions of defendant ap-
pellant, Robert O'Neill, which are that the counterclaim of the
amended answer of defendant respondent Johnson did not state
a cause of action for the recovery of money, and, second, that his
plea in abatement should have been sustained. As to the first of
these propositions, defendant appellant has not preserved his rec-
ord in such manner as to bring the sufficiency of the allegations
of the counterclaim before this court. As to the second conten-
tion, the learned trial judge found, with reference to the inde-
pendent action commenced in Sanborn county by Johnson against
Robert O'Neill, after the commencement of this action by Annie
O'Neill, and before defendant appellant, Robert O'Neill, was
brought into this action upon application of defendant respondent
Johnson, that said action does not involve the same issues involved
in this action, and is not between the same parties. We are not
able to say that this finding of the trial court is without support
in the evidence, and it therefore follows that the plea in abate-
ment must fail, regardless of the question of priority. Therefore
upon the record before us a money judgment was properly entered
in favor of defendant respondent Johnson and against defendant
appellant, Robert O'Neill. Defendant appellant claims, however,
that the amount thereof is excessive, and that upon the evidence
said judgment could not exceed the sum of $9,805.70. We be-
lieve this point is well taken, and the money judgment against
Robert O'Neill should be reduced accordingly.

We will now examine the contention of plaintiff appellant, Annie O'Neill, who attacks that portion of the judgment which undertakes to establish a lien upon the homestead premises, title to which is quieted in her, in favor of the money judgment against Robert O'Neill.

[4] In this connection we must bear in mind the following facts, found by the court and undisputed by the record on this appeal, namely: That the premises in question were not within a town plat and consisted of one tract of land not exceeding 160 acres, and constituted at all times involved in this action the homestead of the O'Neill family, and that plaintiff appellant never abandoned her claim of homestead in said premises; that in October, 1918, Robert O'Neill contracted to sell said premises to respondent Johnson, who had previously inspected the premises, and had knowledge of the improvements thereon; that, as soon as plaintiff appellant learned of the making of said contract, she immediately announced that she did not consent to a conveyance of said premises, and would insist upon claiming her homestead right therein; that on March 10, 1919, Robert O'Neill executed a deed purporting to convey said premises to respondent Johnson, at a time when said premises continued to be the family homestead, in which deed plaintiff appellant did not join, and to which she did not consent; that thereafter, and on March 20, 1919, Robert O'Neill deeded said premises to plaintiff appellant, and the court specifically finds that said deed to plaintiff appellant "was made for a valuable consideration and in good faith, and was based upon a full, fair, and adequate consideration;" and that the title to the premises thereby passed to plaintiff appellant.

The law applicable at the time of the contract and deed between Robert O'Neill and respondent Johnson was section 3217, Pol. Code of 1903, reading as follows:

"A conveyance or incumbrance by the owner of such homestead shall be of no validity unless the husband and wife, if the owner is married, and both husband and wife are residents of this state, concur in and sign the same joint instrument, except as provided in the next two sections."

We are of the opinion that the learned trial judge was correct in his conclusion of law that:

"The said contract of October 26, 1918, and the deed on or about March 1, 1919, between the said Robert O'Neill and the defendant E. P. Johnson were void and of no effect."

[5]   We think, under the applicable law the question of the value of the homestead, as to whether or not it exceeded $5,000, was unimportant, excepting only upon a question between the holder of the legal title to the homestead and a judgment creditor of said owner, pursuant to section 345, Code of Civil Procedure 1903.   This principle was recognized in the case of Hansen v. Hansen, 166 N. W. 427, 40 S. D. 114, and in the mechanic's lien cases of Robert Burns Lumber Co. v. Peterson, 202 N. W. 387, 48 S. D. 92, and Atlas Lumber Co. v. Semmler, 205 N. W. 376, 48 S. D. 541, wherein the court takes cognizance of the change in that regard with reference to mechanics' liens by virtue of the amendment of section 1644, Code 1919 by chapter 280, Laws 1921.

[6, 7]   It follows, therefore, that, by virtue of the contract and deed in October, 1918, and March, 1919, respondent Johnson acquired no interest whatsoever, either legal or equitable, in the premises in question or in any value thereof exceeding $5,000 and we are entirely unable to understand how the court could decree a lien against said premises or any part of the value thereof adverse to plaintiff appellant, who, according to the court's own determination, was a good-faith purchaser thereof for value by warranty deed March 20, 1919, in favor of a money judgment against Robert O'Neill only, rendered in this cause on January 19, 1923.   Respondent seeks to justify this procedure by virtue of section 1693, Code 1919, providing for a vendee's lien.   Certainly this section could have no application as against an intervening good-faith purchaser for value as the court has determined plaintiff appellant to be, and, in any event, such statute is no more nor less than a statutory enactment of an equitable principle existing from remote times, and has application only to such land as the vendor had a right to convey.   A contract for sale or a deed, which are absolutely void from the beginning because of the fact that the vendor is entirely lacking in power and authority to transfer the premises, cannot be the foundation for a vendee's lien any more than they could be the foundation for any other legal or equitable interest in the premises.

The judgment appealed from should be modified by reduc-

ing the money judgment in favor of defendant respondent Johnson and against defendant appellant Robert O'Neill from $10,000 to $9,805.70. The title to the premises in question should be quieted in plaintiff appellant Annie O'Neill against all claims and liens of every sort made or to be made by respondents, or any of them, or persons claiming under them, and she should have her costs and all that portion of the judgment which purports to make the money judgment against Robert O'Neill in any manner a claim or lien against the homestead premises, or any part thereof, or any part of the value thereof, should be stricken out.

The cause is remanded, with instructions to the trial court to modify said judgment accordingly, and, as so modified, said julgment will be affirmed. The plaintiff appellant may tax her costs on this appeal against respondents, but no other parties shall tax costs on this appeal.