**In re Daniel J. LEMME, d/b/a L & L Building Products, L & L Construction, and East River Grain Dryers, all sole proprietorships, Debtor.**

**NORWEST BANK SIOUX FALLS, National Association, Plaintiff,**

v.

**Daniel J. LEMME, d/b/a L & L Building Products, L & L Construction, L & L Construction and Plumbing, Inc., and East River Grain Dryers, Defendant.**

Bankruptcy No. 483–00317.
Adv. No. 484–0002.

United States Bankruptcy Court,
D. South Dakota.

Aug. 31, 1984.

Wilson Kleibacker, Lammers, Lammers, Kleibacker & Casey, Madison, S.D., for plaintiff.

Cecelia A. Grunewaldt, Stuart & Gerry, Sioux Falls, S.D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

The above-entitled matter is before the Court on Norwest Bank of Madison's (bank's) objection to the debtor's claim of homestead exemption. The debtor requested a hearing on the bank's objection and the same was held on April 10, 1984. At the close of the hearing, the Court took the matter under advisement, reserving ruling until both parties filed memorandums of law. The Court has received the memorandums and has carefully analyzed the arguments of counsel therein.

The debtor claimed the following real property as exempt on Schedule B-4 of his bankruptcy schedules:

"Madison, Lemme's First Addition, Sec 23-106-52, lot 1 and lot 5 and home thereon on behlf (sic) of dependents."

Both parties now agree that lot 5 referred to above is not being claimed as part of the homestead exemption.

The debtor purchased lot 1, along with contiguous property, on a contract for deed from Leonard A. Johnson in 1981. The debtor mortgaged the Johnson contract for deed property to the bank on January 5, 1982. The instrument used was a collateral real estate mortgage which secured loans to the debtor of up to $50,000. The mortgage, which was signed only by the debtor, contained a waiver of homestead and was intended to secure operating capital for the debtor's construction business. There is no dispute that the debtor was married at the time the mortgage document was executed.

The debtor assigned his equity in the Johnson contract for deed to the bank on April 28, 1982. The bank recorded the assignment on April 30, 1982. The debtor and his brother entered into a contract on May 2, 1983, for the construction of a home to be built for the brother on lot "1." The debtor's brother was unable to complete the purchase because he could not obtain financing. The debtor and his family moved into the home originally built for the debtor's brother late in the fall of 1983. The debtor filed a chapter 7 petition in bankruptcy on October 13, 1983.

The debtor insists that the bank does not have a mortgage on lot "1," the debtor's current residence and claimed homestead, because the bank failed to have the debtor's wife sign the mortgage, which contained a waiver of homestead, or otherwise obtain a waiver of homestead from the debtor's wife. As authority for its position, the debtor cites S.D.C.L. § 43-31-17 (1983) which provides:

A conveyance or encumbrance of a homestead by its owner, if married and both husband and wife are residents of this state, is valid if both husband and wife concur in and sign or execute such conveyance or encumbrance either by joint instrument or by separate instruments. However, for the sole purpose of a spouse of a person in the armed forces making application for a home loan under 38 U.S.C. 1701, et seq., the signature of the spouse alone is sufficient to convey or encumber the homestead if the person in the armed forces is officially declared to be: missing in action, captured in line of duty by a hostile force, or

forcibly detained or interned in line of duty by a foreign government or power.

■ S.D.C.L. § 43–31–17 (1983) precludes the conveyance or encumbrance of a homestead by its owner, if married, without the concurrence of both the husband and wife. The case law supports the plain meaning of S.D.C.L. § 43–31–17 (1983). *O'Neill v. Bennett,* 49 S.D. 524, 207 N.W. 543 (1926).

Although neither party directly addressed it, the dispositive issue in this case is whether lot 1 was attached with the character of a homestead when the debtor mortgaged the property to the bank.

■ The most important and controlling fact to be considered in determining whether the homestead character has attached is intent. *Harter v. Davison,* 53 S.D. 399, 220 N.W. 862 (1928); *Aisenbrey v. Hensley,* 70 S.D. 294, 17 N.W.2d 267 (1945). The South Dakota Supreme Court had occasion to address an issue similar to the one at bar in *Jensen v. Griffin,* 41 S.D. 30, 168 N.W. 764 (1918), and laid down the following rules:

> If at the time of contracting. for the material for the new house it was the intention of both husband and wife to erect it for nonhomestead purposes, then the mechanics' liens attached both to the building and the land upon which it was situated. *Chas Betcher Co. v. Cleveland,* 13 S.D. 347, 83 N.W. 366.
>
> If at that time both husband and wife intended that the new house should be their home, then the liens never attached to either building or land (Pol.Code, § 3228), unless acts of estoppel be proven, which respondent has the burden of showing.

Although the foregoing rules address the validity of a mechanic's lien, the Court is convinced that they are equally applicable to a collateral mortgage.

■ The debtor and his wife did not intend lot 1 to be their homestead when the debtor encumbered the property to the bank. The record reflects the fact that the debtor intended to use the property in his construction business. Nothing in the record indicates that either the debtor or his wife intended lot 1 as their homestead until sometime after the debtor encumbered it. Consequently, lot 1 was not attached with the character of a homestead when it was encumbered to the bank and, therefore, under the rules announced in *Jensen v. Griffin, supra,* the bank's lien attached and remains valid. The bank did not need the debtor's wife's homestead waiver to perfect its lien.

■ The instant case is obviously distinguishable from those cases where one spouse encumbers an existing homestead without the concurrence of the other. *See, e.g., Farmers' and Merchants' National Bank of Milbank v. Bank of Commerce of Milbank,* 49 S.D. 130, 206 N.W. 691, 692–93 (1925) (property being used as homestead at time husband unilaterally encumbered). S.D.C.L. § 43–31–17 (1983) precludes a spouse's unilateral conveyance or encumbrance of a homestead. It does not preclude a spouse's unilateral conveyance or encumbrance of property to which the character of a homestead has not attached. Nor does the statute divest a valid prior grantee or encumbrancer of its interests if the property subsequently takes on the character of a homestead. It is axiomatic, however, that S.D.C.L. § 43–31–17 (1983) requires spousal concurrence in any transfer that occurs subsequent to the time the homestead character attaches to the property.

Accordingly, based on the foregoing analysis, the bank's objection to the debtor's homestead exemption must be and is sustained. This Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law in the above-entitled matter pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the bank is directed to submit a proposed Order and Judgment, consistent with the Court's Findings of Fact and Conclusions of Law, in accordance with Bankr.R.P. 9021, to the Clerk of this Court forthwith.