**ST. PAUL FIRE AND MARINE INSURANCE COMPANY,**
**Plaintiff and Appellant,**

**v.**

**Carol A. KAARUP and Darrell R. Kaarup, et al., Defendants and Appellees.**

**No. 15830.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 14, 1988.

Decided March 9, 1988.

Edwin E. Evans and Timothy M. Gebhart of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant.

Michael J. McGill, Beresford, for defendants and appellees.

MILLER, Justice.

This is an appeal from a circuit court judgment declaring a mortgage null and void. The central issue deals with the jurisdiction of the United States Bankruptcy Court to adjudicate defenses to a mortgage foreclosure action. We affirm.

### PARTIES

Appellant St. Paul Fire & Marine Insurance Company (St. Paul) is the assignee of a mortgage given to the First Federal Savings & Loan Association of Canton, South Dakota (First Federal) by Carol A. Kaarup

(Carol) to secure a promissory note signed by her and her husband, Darrell R. Kaarup (Darrell) (referred to collectively as Kaarups).

## FACTS

A chronological recitation of the salient facts is necessary for a proper understanding of the issues presented.

In 1979, Carol purchased a home which was, at all material times, occupied by her and her husband as their home.

In July, 1980, First Federal loaned Kaarups $50,000 with both parties signing the promissory note, but with only Carol signing the mortgage. Prior to making this loan, First Federal consulted with their attorney regarding the validity of taking a mortgage without Darrell's signature. That attorney advised First Federal that the mortgage would be valid and that he would issue a title opinion to that effect. First Federal, relying on their attorney's advice, loaned the money and took the mortgage without Darrell's signature. Their attorney then furnished First Federal a title opinion stating that the mortgage was valid.

In April, 1983, Kaarups filed a Chapter 11 bankruptcy.

In July, 1983, First Federal sued their attorney for legal malpractice. St. Paul, his liability carrier, settled with and took an assignment from First Federal. (Subsequently, on January 29, 1987, the court granted St. Paul's motion that it be substituted as plaintiff in this action.)

In February, 1984, First Federal made a motion in bankruptcy court seeking to lift the automatic stay to allow it to foreclose the mortgage in state court. The bankruptcy judge granted the motion, lifted the stay, and entered specific findings and conclusions stating, in part, that (1) Kaarups had no equity in the property, and (2) that the note and mortgage were valid and binding obligations and that Kaarups had "no defense" to the enforcement of the mortgage. Interestingly, the validity of the mortgage was not at issue and no evidence regarding defenses to it was submitted to the bankruptcy court.[1]

In June, 1984, First Federal filed a foreclosure action against Kaarups in state court. Kaarups filed an answer and counterclaims alleging, among other things, that the mortgage was invalid.

On October 5, 1984, the trial court granted a motion for summary judgment in favor of First Federal, holding that the bankruptcy court's findings, *supra*, were res judicata.

On October 16, 1984, at the request of Kaarups' attorney, the bankruptcy judge entered an ex parte order striking the language in his prior order to the effect that Kaarups had "no defense" to the mortgage.

On November 30, 1984, at the request of Kaarups' counsel, the trial court granted a motion to reconsider and vacate its prior summary judgment.

On February 28, 1985, First Federal renewed its summary judgment motion and Kaarups filed a similar motion, alleging that the mortgage was invalid. After considering these motions, the trial court, on January 9, 1986, granted Kaarups' summary judgment motion determining that (1) the bankruptcy court decision was not res judicata; (2) Darrell was not estopped from denying the validity of the mortgage; and (3) the mortgage was void because the property was subject to a homestead and signed only by Carol.

## DECISION

The general thrust of St. Paul's argument is that the decision of the bankruptcy court is res judicata. St. Paul claims that the validity of the mortgage was actually litigated in bankruptcy court. Although Kaarups' argue that the matter was not properly raised or adjudicated in the bankruptcy court, we need not reach that issue. We conclude that the bankrupt-

1. At the bankruptcy stay hearing, Darrell did testify that he and his wife had claims against First Federal regarding the mortgage and that they were not presenting them before the bankruptcy court.

cy court did not have jurisdiction to make such an adjudication.

It is settled law that the only matters to be determined by bankruptcy courts in stay proceedings are issues of adequate protection, debtor's equity in property, the necessity of property for an effective reorganization, or the existence of any other cause for relief. The automatic stay hearing is not the appropriate forum for bankruptcy courts to *adjudicate* counterclaims and affirmative defenses in foreclosure actions. *Pursifull v. Eakin*, 814 F.2d 1501 (10th Cir.1987); *In re Castlerock Properties*, 781 F.2d 159 (9th Cir.1986); *In re Johnson*, 756 F.2d 738 (9th Cir.1985), *cert. denied* 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985); *In re Compass Van & Storage Corp.*, 61 B.R. 230 (Bkrtcy.E.D.N.Y.1986); *In re Ellis*, 60 B.R. 432 (Bankr. 9th Cir.1985). *See also Northern Pipeline Const. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); *In re Roxrun Estates, Inc.*, 74 B.R. 997 (Bkrtcy.S.D.N.Y. 1987); *In re Pappas*, 55 B.R. 658 (Bkrtcy. D.Mass.1985); *In re Tally Well Service Inc.*, 45 B.R. 149 (Bkrtcy.E.D.Mich.1984).

The trial court therefore properly concluded it was not bound to follow the holding of the bankruptcy court.

■ Secondly, St. Paul argues that Darrell is estopped from denying the validity of the mortgage. Darrell points out that neither First Federal nor St. Paul affirmatively plead estoppel, as is required by SDCL 15–6–8(c),[2] and, therefore, argues that issue has been waived. However, it is settled law that Darrell has himself waived this argument (failure to plead estoppel) by allowing the estoppel issue to be tried by his express or implied consent. *Varga v. Woods*, 381 N.W.2d 247 (S.D.1986); *Oesterling v. Oesterling*, 354 N.W.2d 735 (S.D. 1984); *American Property Services v. Barringer*, 256 N.W.2d 887 (S.D.1977); SDCL 15–6–15(b).

■ In *Somers v. Somers*, 27 S.D. 500, 131 N.W. 1091 (1911), we stated that "to create an estoppel, there must have been some act or conduct upon the part of the party to be estopped, which has in some manner misled the party in whose favor the estoppel is sought...." *Id.* 131 N.W. at 1093. To illustrate an estoppel, the *Somers* court gave the following example:

> ... if A. had been seeking to buy the premises in question, and respondent, (husband), knowing the same, had by word or act allowed A. to believe that he had no interest in said premises and that the owner thereof was a single woman, and A., relying upon such acts or representations, took a deed to said premises executed by the wife only, the respondent might be held estopped from questioning the validity of the deed. It cannot, however, be claimed that the grantees in this deed were in anyway misled into taking a deed executed by their mother only, relying upon the fact that she was a single person, because it is undisputed that they were fully advised of all the facts herein.

27 S.D. at 504, 131 N.W. at 1093. Likewise, here, there can be no claim that First Federal was misled into believing that Carol was a single person, nor that it relied on such a representation when it took a mortgage signed by her alone.

Additionally, in *Northwest Realty Co. v. Colling*, 82 S.D. 421, 431–32, 147 N.W.2d 675, 682 (1967), we stated:

> Courts will not declare an estoppel if a party making an ... expenditure does so in good faith with knowledge of the rights of the party against whom he later urges an estoppel. Estoppel cannot be invoked by one, who ... was acquainted with the true character of his title or interest or with the fact that he had none. (Citations omitted.)

First Federal, being in the business of making loans and taking mortgages as security therefor, cannot now complain that it was not informed nor had the opportunity to inform itself of the characters of the Kaarups' title and interest in the property.

---

2. SDCL 15–6–8(c) reads: "In pleading to a preceding pleading, a party shall set forth affirmatively ... estoppel ... and any other matter constituting an avoidance or affirmative defense...."

First Federal has never claimed that Darrell misinformed it as to the character of Kaarups' title and interest in the property.

Lastly, we will not specifically address the claimed invalidity of the mortgage, as it was not addressed by counsel. We would, however, point to SDCL 43–31–17 which provides, in part:

> A conveyance or encumbrance of a homestead by its owner, if married and both husband and wife are residents of the state, is valid if both husband and wife concur in and sign or execute such conveyance or encumbrance either by joint instrument or by separate instrument. . . .

The cases dealing with homestead rights establish that we have consistently enforced homestead rights provided by law. *Speck v. Anderson*, 318 N.W.2d 339 (S.D. 1982); *Crawford v. Carter*, 72 S.D. 514, 37 N.W.2d 241 (1949); *Grand Lodge A.O.U. W. v. Fischer*, 70 S.D. 562, 21 N.W.2d 213 (1945); *O'Neill v. Bennett*, 49 S.D. 524, 207 N.W. 543 (1926); *Farmers' & Merchants' Nat. Bank v. Bank of Commerce*, 49 S.D. 130, 206 N.W. 691 (1925); *but see Crawford, supra* (estoppel may apply); *Ford v. Ford*, 24 S.D. 644, 124 N.W. 1108 (1910) (estoppel *may* apply); *Karcher v. Gans*, 13 S.D. 383, 83 N.W. 431 (1900); *see also Comment, Creditors and the South Dakota Homestead Exemption*, 17 S.D.L.Rev. 483 (1972).

Affirmed.

All the Justices concur.