HENRY, Appellant, v. MEADE COUNTY BANK OF STURGIS, Respondent.

·(142 N. W. 1130.)

1.  **Exceptions, Bill of—Time of Settlement—Notice of. Decision—Waiver of Notice.**

Where plaintiff, who was unsuccessful below, procured and filed with the clerk below findings of fact, conclusions of law, and judgment, the time for settlement of bill of exceptions then began to run. **Held,** further, that, by taking said steps, plaintiff waived right to notice of decision below.

2.  **Same—Striking of Bill of Exceptions—Extension of Time—Misapprehension of Trial Judge.**

Pending determination of question whether bill of exceptions or statement of case should· be stricken, because not settled within time, where plaintiff, unsuccessful below, contended he had not received written notice of the decision, it appearing the trial court was of opinion that, as no such notice had been served, it was unnecessary to extend time for such settlement, **held,** plaintiff will be given an opportunity to procure an extension of time and a proper settlement of bill.

3.  **Courts—Official Stenographer, Death of—Appointment of Substituted Stenographer—Preparation of Transcript—Rule of Court.**

Under Laws 1913, Ch. 178, Sec. 6, providing that, where no mode is provided by law for settlement of record, it shall be done as the Supreme Court may direct, **held,** the trial court must, on the death of the official stenographer, appoint some competent stenographer as official reporter, who, after qualifying, shall prepare from the stenographic notes such transcript as appellant may direct; and a special rule of court is hereby prescribed accordingly.

Opinion filed Sept. 23, 1913.    Rehearing denied Nov. 17, 1913.)

Appeal from Circuit Court, Meade County. Hon. WILLIAM G. RICE, Judge.

Action by Luella M. Henry against the Meade County Bank of Sturgis, South Dakota. From a judgment for defendant, plaintiff appeals. Upon order to show cause why the bill of exceptions should not be stricken from the record. Motion denied, and time granted to allow plaintiff an opportunity to procure a settlement of the bill of exceptions.

*Harry P. Atwater,* and *Buell, Gardner & Denu,* for Appellant.

*Chas. D. Howe,* and *James McNenny,* for Respondent.

WHITING, P. J. The above cause is before us upon the return of an order to show cause requiring the appellant to show cause, if any there be, why the bill of exceptions or statement of the case settled by the trial judge should not be stricken from the record, and that part of appellant's brief quoting the contents of such settled bill or statement be stricken from such brief.

[1] It appears from the affidavits filed herein that, before appellant had been able to procure a transcript of the evidence herein, the official court stenographer, who took the notes of said evidence, died, and that such appellant afterwards procured another stenographer—not the then official court stenographer—to transcribe such notes, and the said stenographer so procured did transcribe the notes, which transcript was used by the appellant and the trial court in the settling of the bill or statement herein. It further appears that the findings of fact, conclusions of law, and judgment herein were procured by the appellant, and were by the appellant filed in the office of the clerk of the circuit court, and that after the date of such filing, and before the time of the settlement of the bill or statement by the trial court, a period longer than that allowed by statute for the settling of the record had elapsed, and, further, that there had been no extension of time for settling of record granted by the trial court. Respondent insists that for these reasons the record, as settled, should be stricken out. Appellant contends that no notice in writing of the decision of the trial court was ever served upon him by the respondent, and that therefore the statutory period for settling of bill of exceptions or statement of case had not run against ap-

pellant at the time the bill or statement was settled; and appellant relies upon the ruling of this court in Clark Implement Co. v. Wadden, 29 S. D. 195, 136 N. W. 111, and cases therein cited.

There is a clear distinction between this case and the Clark Implement Co. Cose, or any of the other cases wherein this court has held that written notice was essential to start the running of such a statute, in that in this case the appellant, being the party who received the written findings, conclusions, and judgment from the trial court and filed the same in the office of the clerk of such trial court, has clearly waived any right to receive a written notice of the decision of the trial court. The law never requires a needless act, and no possible benefit could flow to appellant by the receiving of a formal notice of this decision. It is therefore clear that the statutory time for settling of the bill or statement commenced to run as against this appellant immediately upon his receiving and filing the findings, conclusions, and judgment; and the trial court, having made no order extending the time for the settling of such bill or statement, had lost jurisdiction to settle the same at the time it undertook so to do; and respondent's application to have such settled bill or statement stricken from the records must be and is granted.

[2] It appears, however, that at the time of settling such bill or statement the trial court was of the opinion that appellant had received no notice of the court's decision, and that, for that reason, it was unnecessary for the court to make any order extending the time; and, inasmuch as it may be that the appellant can satisfy the trial court that the time for settling the record herein should be extended, even now, up to and including such time as will permit of the due settlement of the record herein, it will be the order of this court that the final determination of this appeal be postponed, to give the appellant a reasonable time within which to apply to the trial court for an extension of time within which to settle the record herein, and, if the trial court shall grant an extension of such time, then the final disposition of this case to be postponed until, in accordance with the rules of this court, the parties hereto shall have served and filed their briefs herein, or are in default in so doing.

[3] We deem this a fitting case for this court, under the power conferred upon it by section 6, c. 178, Laws 1913, to pre-

scribe a special rule touching the procedure that should be fol-
lowed, owing to the death of the official court stenographer. We
are of the opinion that the trial court (providing it extends the
time for settling the record) should and it is directed to, appoint,
for the purposes of transcribing the notes of such deceased stenog-
rapher, some competent stenographer as the official stenographer of
the court, who, after qualifying as such, shall prepare such
transcript as may be requested by the appellant.