## HENRY, Appellant, v. MEADE COUNTY BANK OF STURGIS, Respondent.

### (148 N. W. 626.)

1. **Homestead—Appurtenances—Findings—Evidentiary, and Ultimate Evidence.**

On an issue as to whether a building on the rear of a lot occupied as a homestead, was appurtenant to the homestead, a finding that the building was not appurtenant to the "dwelling house" standing on the front end of the lot, was a finding of an evidentiary fact, leaving the ultimate fact unfound, unless such fact is conclusively established from other evidentiary facts found.

2. **Same—Appurtenances—Statutory Construction—"May."**

Under Pol. Code, Sec. 3225, providing that a homestead must not embrace, in addition to one dwelling house, any other buildings except such as are properly appurtenent to the homestead, but that a shop, store, or other building situated thereon and really used and occupied by the owner in ordinary business may be deemed appurtenant to such homestead, held, that, while the word "may" will often be construed "must" when necessary to promote justice or advance the public good, yet it generally operates to confer discretion, and it should not be construed as "must" for purpose of creating a right; and "may" in said section is permissive, and not mandatory.

3. **Same—Appurtenances—Building Used in Saloon Business.**

Where the owner of a homestead constructed on rear end of his lot on which his dwelling house was located a stone building, which he used and occupied in carrying on his ordinary business and occupation of a saloon business, it not appearing that such business, as carried on, was lawful, held, that such facts do not conclusively establish that such building was appurtenant to the homestead.

Smith, P. J., concurring in the conclusion that the judgment should be affirmed. Polley, J., taking no part in the decision.

(Opinion filed September 15, 1914. Rehearing denied.)

Appeal from Circuit Court, Meade County. Hon. WILLIAM G. RICE, Judge.

Action by Luella M. Henry against the Meade County Bank of Sturgis, S. D., to have cancelled and set aside a mortgage, and the foreclosure thereof, upon an alleged homestead, and for other relief. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Buell, Gardner & Denu,* and *Harry P. Atwater,* for Appellant. *James McNenny,* and *Martin & Mason,* for Respondent.

(1) Under point one of the opinion, Respondent cited:

Perry v. Quackenbush, 105 Cal. 299, 38 Pac. 740; Smith v. Acker, 52 Cal. 217; Chaffee Miller Co. v. Barber, 97 N. W. Rep. 850 (N. D.).

(2) Under point two of the opinion, Appellant cited:

Pol. Code, Sec. 3225; Waggoner v. Haskell (Texas), 35 S. W. 1; Building & Loan Association v. Logan, 66 Fed. 827; State v. Henning, 3 S. D. 492; State v. Barry (N. D.), 103 N. W. 637; State v. Johnson (S. D.), 124 N. W. 847; Swenhart v. Stathman, 12 S. D. 313; State v. Polley (S. D.), 139 N. W. 118.

Respondent cited:

Pol. Code, Sec. 3225; 1 Wds. & Ph. pp. 477, 479; Humphreys v. McKissock, 140 U. S. 304, 11 Sup. Ct. 781.

Respondent submitted that: The word "may" as used in a statute is only to be construed as mandatory for the purpose of sustaining or enforcing a right, but never to create one; and cited:

36 Cyc. 1161; Gilmore v. City of Utica, 24 N. E. 1009, 121 N. Y. 561; People v. Gilroy, 31 N. Y. S. 776, 82 Hun 500; State ex rel. v. Hudson, 13 Mo. App. 61; State ex rel. v. Holt Co., 39 Mo. 521. That, as a general rule, the word "may" when used in any statute is permissive only, and operates to confer discretion; citing 36 Cyc. p. 1160; Sutherland Stat. Cons., Secs. 460, 462; Medbury v. Swan, 46 N. Y. 200; Morse v. Press Co., 75 N. Y. S. 976, 71 App. Div. 351; Downing v. City, 86 Iowa, 352, 53 N. W. 256.

WHITING, J. This court, for reasons stated in its opinion found in 32 S. D. 298, 142 N. W. 1130, struck from the records on file in this cause the pretended settled bill or statement settled by the trial court, and struck from appellant's brief those parts thereof based upon such pretended settled bill or statement. Appellant thereafter failed to procure any settlement of the record herein, thus leaving this cause before us upon appeal presenting, if any question, but one: Do the findings of the court support the conclusions and judgment?

So far as material to this decision, the court's findings were: That at and prior to January 28, 1905, the husband of plaintiff was the owner in fee of the property hereinafter described; that, at that time and continuously for about two years prior thereto, plaintiff and her husband were both residents of this state and were occupying as their home a dwelling house situate upon the southerly end of the parcel of ground involved in this action; that the premises in question constitute one contiguous parcel or plot of ground bordering upon two streets, said parcel of ground being some 150 feet in length north and south and 30 feet wide; that at all times hereinbefore mentioned, there was situate on the northerly end or portion of said lot a stone building facing to the north, having an entrance at the northeast corner thereof, with another entrance upon the street to the east of said building at a point midway in the east wall of such building, but having no entrance at the south end and with no means of direct communication between such stone building and the dwelling house; that the dwelling house and stone building are not separated from each other by any barrier, fence, or partition other than the walls of said buildings, and that there lies between the said buildings a space of some 21 feet in width, in which space there is situate a cess-pool connected by plumbing with both of said buildings and used in connection with both of said buildings; that during the time plaintiff and her husband were living together upon said premises and occupying the dwelling house aforesaid as their home, plaintiff's husband used and occupied the stone building aforesaid in the prosecution and carrying on of a saloon business, which was the ordinary business and occupation of said husband during all of said time; that said property and premises do not exceed one acre in extent, nor do their exceed in value the sum of $5,000, nor did

they exceed that sum in value on the 28th day of January, 1905; that said stone building was never appurtenant to said *dwelling house;* that said premises were acquired by plaintiff's husband by warranty deed dated January 9, 1903; that on or about January 28, 1905, plaintiff's husband executed a mortgage to defendant, mortgaging all of said tract of land as security for an indebtedness of $5,000; that plaintiff received no consideration for or on account of such said mortgage, and did not concur in nor sign the same, nor have any knowledge of the execution thereof by her husband; that defendant foreclosed said mortgage by advertisement and purchased said premises at the foreclosure sale.

Upon these findings the court concluded, as matters of law: That the stone building was not a part of nor appurtenant to the dwelling house; that the mortgage was and is null and void as to all that portion of the premises upon which the dwelling house is situate and upon the south half of all the ground lying between the dwelling house and the stone building; that the mortgage and the record of foreclosure thereof and the sheriff's deed, if any, based upon such foreclosure, should be canceled in so far as the same includes, describes, or affects the premises declared exempt from such mortgage; and that a decree should be entered establishing and adjudging the said exempt premises to be the homestead of plaintiff, and allowing plaintiff the possession and right of possession thereof. A decree was entered in accordance with such conclusions, and it is from such decree and an order denying a new trial that this appeal was taken. Respondent contends that the assignments of error do not present the above question, but, while the sufficiency of the findings to support the conclusions and judgment is not questioned as clearly and directly as good practice might require, yet we are of the view that such question is presented by the assignment.

The real issue is whether or not the stone building was, at the time the mortgage was given, a part of and included within the homestead of appellant and husband. Section 3225, Pol. Code, provides:

"It [the homestead] must not embrace more than one dwelling house or any other buildings except such as are properly appurtenant to the homestead as such; but a shop, store or other building situated thereon and really used or occupied by the owner in

the prosecution of his own ordinary business may be deemed appurtenant to such homestead."

[1] Respondent contends that the ultimate question of fact presented to the court in relation to such building was whether or not it was appurtenant to such homestead, that the court found it not appurtenant, and that the findings as to the situation of these buildings, their use, etc., were findings of evidentiary facts, improperly found (Smith v. Cleaver, 25 S. D. 358, 126 N. W. 589; Tschetter v. Ray, 28 S. D. 604, 134 N. W. 796), and which are controlled by the finding as to the ultimate fact. If the court had found this ultimate fact—that the stone building was not appurtenant to the homestead—respondent's contention would be unanswerable, because, as was well said in Perry v. Quackenbush, 105 Cal. 299, 38 Pac. 740:

"If, from a consideration of the probative facts, this court should determine that they did not justify the finding of the ultimate fact, it would determine that the evidence was insufficient to justify the decision. This, it has been repeatedly held, cannot be done in this mode."

[2] But it will be noted that the trial court found that the stone building was not appurtenant to the *dwelling house,* but did not directly find that it was not appurtenant to the *homestead.* A building may well be appurtenant to a homestead and yet be admittedly not appurtenant to the dwelling house thereon—a summer kitchen or outhouse, though detached from a dwelling, would, owing to its use, be appurtenant to the dwelling, yet a horse barn, chicken coop, or pigsty, all of which, owing to their use in providing means of comfort and sustenance for the occupants of a homestead, might be appurtenant to such homestead, could hardly be held appurtenant to the dwelling house thereon. The finding that the stone building was not appurtenant to the dwelling house stands then as but another finding of an evidentiary fact, leaving the ultimate fact unfound. Has the court found such evidentiary facts that from them there could be but one ultimate fact found? If so, we should hold such ultimate fact to have been in effect found, and should affirm or reverse such judgment according as such ultimate fact was resolved by the trial in favor of appellant or respondent, as shown by the evidentiary facts found. 8 Ency. P. & P. 941; People v. Hagar, 52 Cal. 171. If,

however, such ultimate fact is not conclusively established from the evidentiary facts found, then the appellant, upon whom rested the burden of proof to establish that this building was appurtenant to the homestead, and therefore a part thereof, must fail, and that part of the judgment from which she has appealed be affirmed. Appellant contends: First, that we should construe section 3225, supra, as though mandatory in its terms, as providing that a shop, store, or other building situate on a homestead, and used and occupied by the owner in the prosecution of his ordinary business, *must* be deemed appurtenant to the homestead; second, that, even though such statute be construed as permissive, the facts found conclusively establish that the stone building was appurtenant to the homestead.

While the word "may," when used in a statute, will often be construed "shall" or "must" when, to so construe it is necessary in order to carry out the clear intent of the statute, or to enforce a right possessed by a party, or when the statute provides that something *may* be done which will tend to promote justice or advance the public good, yet as a general rule the word "may" when used in a statute is permissive only, and operates to confer discretion, and "may" should never be construed "shall" or "must" for the purpose of creating a right. 36 Cyc. 1160, 1161; case note 5 L. R. A. (N. S.) 340. The statute before us is permissive and not mandatory.

[3] Do the evidentiary facts found conclusively establish that the stone building, as situated and used, was "appurtenant" to the homestead? In other words, if the trial court had found, as an ultimate fact, that such building was not appurtenant to the homestead—the very fact which perhaps it did find, but, owing to the inadvertent use of the words "dwelling house" where it should have used the word "homestead," failed to record—would this court feel bound to declare such finding not supported by the evidence, where the evidence conclusively established the evidentiary facts found by the court in this action but established nothing further? Appellant cites the case of Waggener v. Haskell, 89 Tex. 435, 35 S. W. 1. We can find nothing in the opinion therein which in any manner aids us in the determination of the question before us. The first part of section 3225, supra, reading, "It must not embrace more than one dwelling house or any other building

except such as are properly appurtenant to the homestead as such," if it stood alone, might well have been construed by the courts as excluding all buildings except those usually used in connection with a home—those which, from their use, are appurtenant to the dwelling house, and those, such as barns, garages, chicken houses, etc., which from their use are clearly appurtenant to the homestead. The clear legislative purpose in adding the remainder of said section 3225 was to declare that "shops, stores, and other buildings" may be "properly appurtenant to the homestead as such," but the Legislature certainly did not intend that in every case where a building, situate on what otherwise would be homestead property, was used by the owner in the prosecution of his ordinary business, such building should be deemed appurtenant to such homestead regardless of the nature of the use to which it was put. We cannot believe that a building, used for gambling purposes, as a storehouse for stolen goods, or as a bawdyhouse, could be held "properly appurtenant" to a homestead. Appellant's husband, by renting this building, or even through the non-use thereof, could have created a situation where it could not have been claimed by him as a part of the homestead, basing such claim on the latter part of section 3225. Use by the owner is essential, and certainly such use must affirmatively appear to be a lawful one, and one which in its nature is in harmony with true home spirit and life before the courts should declare it such as to render a building "properly appurtenant to the homestead." Certainly in a state where the saloon is recognized as an evil and as such prohibited, save and except where certain license regulations have been complied with, the building wherein a saloon is conducted is not conclusively shown to be "properly appurtenant" to a home, and especially so when, as in this case, it does not affirmatively appear that the business, as carried on, was lawful. The fact that the wife may not have given her consent to this particular use of the building—a fact not found—could in no manner be material. The question is: Was this building appurtenant to the homestead so that the husband himself could have claimed it as a part thereof on the day he gave the mortgage? We hold that the facts found do not conclusively establish that the stone building was appurtenant to appellant's homestead.

The judgment and order appealed from are affirmed.

SMITH, P. J., concurs in the conclusion that the judgment should be affirmed. POLLEY, J., takes no part in this decision.