BACHELOR, Appellant, v. SNYDER, Respondent.

(199 N. W. 593.)

(File No. 5579.  Opinion filed July 19, 1924.)

1. Taxation—Evidence—Necessary to Show that Taxpayer Either Had No Cattle in County, or Cattle Assessed There Had Been Assessed Elsewhere, to Recover Taxes.

Under Pol. Code 1903, Sec. 2066, providing for exemption from assessment of live stock assessed in another state or organized county, in an action by taxpayer to recover taxes paid on stock plaintiff must show either that he had no cattle in the county in question or that those assessed to him there had been assessed elsewhere.

2. Taxation—Evidence—Findings—Evidence Held Sufficient to Warrant Finding of Court that Cattle Had Been Assessed Elsewhere.

In an action by a taxpayer to recover taxes paid on the theory that his cattle had been assessed in another state, evidence held sufficient to warrant a finding that the cattle had not been assessed or taxes paid on them in another state.

Appeal from Circuit Court, Bennett County; Hon. N. D. BURCH, Judge.

Action by William D. Bachelor against J. W. Snyder, as Treasurer of Bennett County. From a judgment partly in favor of defendant and an order denying a new trial, plaintiff appeals. Affirmed.

*W. J. Hooper,* of Gregory, and *C. J. Quigley,* of Valentine, Neb., for Appellant.

*Charles Milner,* of Martin, for Respondent.

GATES, J. This action was brought to recover personal property taxes paid by plaintiff under protest pursuant to the provisions of section 6826, Rev. Code 1919. Personal taxes for the years 1917 and 1918 were assessed against plaintiff on cattle in Bennett county. Plaintiff was a resident of the adjacent county of Cherry in the state of Nebraska and claimed a non-liability to taxation in Bennett county on the ground that he had no cattle in Bennett county and on the ground that the cattle there assessed had already been taxed in Nebraska. The evidence tended to show that in May, 1918, plaintiff bought the entire herd of the Bar T Cattle Co.; that some cattle had been assessed to that company in Cherry county, Neb., for the year 1918. Plaintiff admitted that he bought other cattle in June, July, or August. The evidence was undisputed that a large number of plaintiff's cattle were in Bennett county in June. Section 2066, Pol. Code 1903, in force at the time of the 1918 assessment, read as follows:

"All live stock may be assessed at any time in the county in which they are found ranging, during the months of June, July, August, September, October and November of each year, providing [provided] that such live stock have not already been assessed in another state, or in another organized county in this state the same year."

The trial court found for plaintiff as to the taxes for the year 1917 and directed a repayment to him of the proportionate amount. As to the 1918 taxes the court found:

"That there is not sufficient evidence to warrant the court in finding that the cattle owned by the Bar T Cattle Company were assessed against the Bar T Cattle Company or taxes paid thereon for the year 1918 in Cherry county, Neb."

Plaintiff appeals from the order denying new trial and that portion of the judgment relating to the 1918 taxes.

[1, 2]   In order to entitle plaintiff to recover upon the 1918 assessment, it was incumbent upon him to clearly show, either that he had no cattle in Bennett county, or that the cattle assessed to him there had been assessed elsewhere. He utterly failed to sustain the first ground. Upon a review of the evidence we cannot say that the trial court erred in determining that it was insufficient to warrant the court in finding that the cattle had been assessed in Cherry county, Neb.

A motion was made to strike the settled record upon the ground that appellant did not timely serve his notice of intention to move for new trial. We have considered the appeal upon its merits, and therefore a determination of that motion is unnecessary. We do, however, wish to state that the decision in Western Electric Co. v. Dorman 47 S. D. 195, 197 N. W. 228, construing the clause "written notice of the filing of the order" in section 3147, Rev. Code 1919, was not intended to, and did not, overrule the holding in Henry v. Meade County Bank, 32 S. D. 298, 142 N. W. 1130, construing the clause "after notice of the decision" in the third line of section 2557, Rev. Code 1919.

The judgment and order denying new trial are affirmed.

Note.—Reported in 199 N. W. 593. See, Headnotes (1) and (2), American Key-Numbered Digest, Taxation, Key-No. 543(7), 37 Cyc. 1189.