AINSENBREY, Respondent, v. HENSLEY, Appellant

(17 N. W.2d 267.)

(File No. 8722. Opinion filed January 12, 1945.)

**Churchill & Churchill,** of Huron, for Appellant.
**Chas. R. Hatch,** of Wessington Springs, for Respondent.

WOHLHETER, Circuit Judge.

In this action the plaintiff as County Auditor of Jerauld County recovered judgment, by stipulation, against the defendant William H. Hensley for the sum of $896.87. At the time of the commencement of the action the plaintiff caused garnishment process in the usual form to be served upon Frank Hensley, a son of the defendant. The garnishee promptly disclosed denying liability. Upon this disclosure the plaintiff elected to join issue, seeking to set aside as fraudulent and without a fair consideration a deed from the defendant William H. Hensley to his son Frank, the garnishee defendant. By this deed the defendant conveyed to the garnishee a half section of land in Jerauld County, a quarter section of which was the homestead of the defendant. The consideration for the deed was a pre-existing debt and a contract or agreement by the garnishee to furnish a suitable home, care and support for the father during his lifetime and a decent burial at his death. It is conceded that the conveyance rendered the defendant insolvent.

The plaintiff contends that the contract for support of the father constituted a secret and undisclosed trust for the benefit of the grantor and was void as to the plaintiff, a creditor of the defendant.

The trial court found the value of the land to be $9 per acre and the value of the buildings, all of which are located on the homestead quarter, to be $2000, or a valuation of $3440 on the homestead quarter and $1440 on the other quarter; that the garnishee defendant was entitled to a total credit on the value of all the land conveyed to him of $2,160; that the deed from William H. Hensley to his son Frank should be vacated and set aside insofar only as the same covered the unexempt quarter; and that the garnishee have

a lien on the unexempt quarter for $637.20 and the plaintiff have a lien thereon for $896.67, the plaintiff's lien to be junior and inferior to the lien of the garnishee, and judgment was entered accordingly.

The appellant claims that the trial court fixed a value on the land which was not justified by the evidence and determined the amount of the consideration with which the garnishee was to be credited at less than the amount shown by the evidence. We defer to the findings of the trial court on these matters.

The appellant further complains that the trial court disregarded the grantor's homestead exemptions and spread the consideration with which the garnishee is credited over the entire half section so that the burden of one creditor's debt was placed on exempt property for the benefit of another creditor and that it was error on the part of the trial court to marshal the assets and give a creditor the benefit of the homestead property.

A conveyance of the homestead of a grantor cannot be deemed to be in fraud of creditors. Peck v. Peck, 51 S. D. 157, 212 N. W. 872. In the case of Schuler v. Johnson, 63 S. D. 542, 261 N. W. 905, 907, it is said:

"That is not to say, however, that the owner and occupant of a homestead is under any obligation to keep it until his death so that his creditors may then reach it, or that he is obligated, if he disposes of it in his lifetime, to sell it for value or obtain for it something which his creditors can reach. He may give it away if he desires or he may dispose of it, as was done in this case, in return for a promise to support, or some other contract or agreement not of a nature to benefit his creditors or be reachable by them, and he does not thereby defraud his creditors."

The plaintiff in this case, as a judgment creditor, had no lien on the defendant's homestead and could in no way complain of its transfer.

We now pass to the question of the conveyance of the non-exempt quarter. Assuming, without deciding, that the conveyance of the non-exempt quarter was fraudulent, still the credit allowed to the garnishee for advances and support must be applied to the nonexempt quarter only.

■ The equitable doctrine of marshaling assets will not be applied to the prejudice of a claim of a homestead. In Boyce v. Hawn, 52 S. D. 53, 216 N. W. 589, 591, it is said:

"At common law, in marshaling assets and securities the interests of the debtor were not considered. But with the growth of an enlightened public policy saving to the debtor certain property and especially a homestead exempt from forced sale on execution, the doctrine was extended by many states to protect the exemptions of the debtor. The justice of saving the debtor's exemptions from forced seizure by the indirect method of marshaling securities is apparent. Extending to him the benefit of the doctrine is necessary to a full enjoyment and protection of such exemptions." 35 Am. Jur. 393, Sec. 16; 44 A. L. R. 758; 77 A. L. R. 371.

In Lebanon State Bank v. Tomlinson et al., 112 Kan. 274, 213 P. 830, 832, an insolvent debtor conveyed all of his property consisting of a quarter section of land valued at $12,000, subject to a mortgage of $4000 and a homestead valued at $2100 to his wife. He was indebted to his wife for money loaned to him from her separate estate to the amount of $8000. The plaintiff contended that the wife should be required to marshal the assets and to first apply the $2100, the value of the homestead, upon the indebtedness due her from her husband and the balance of his indebtedness to be applied to the nonexempt quarter section and that the plaintiff have a lien against the nonexempt quarter section for $2100. The court in refusing to do this said:

"Undoubtedly plaintiff would be right in its contention were it not for the fact already referred to that a creditor cannot complain of any transaction relating to or affecting the homestead or its disposition. Where the title to the homestead stands in the husband, and, under the circumstances of this case, he conveys it to the wife with other property, the courts will not inquire as to the consideration for the conveyance of the homestead, but will presume that it was a gift. The creditors of the husband cannot be concerned whether it was a gift or a sale."

■■ The trial court found that the garnishee was entitled to a credit of $2160. This credit should be applied to the nonexempt quarter, otherwise the plaintiff would be

given the advantage of applying his lien to the homestead, which advantage is not authorized by law or by the debtor himself. The debtor in the absence of any expression of a contrary intention should be presumed to intend no further peril to his homestead right than the necessity demanded. In the event that the son had failed to make the payments required by the contract for support, the father would have had a lien upon the land conveyed and could have repossessed the premises. Peters v. Peters et al., 62 S. D. 563, 255 N. W. 466; Hegge et al. v. Hegge et al., 44 S. D. 555, 184 N. W. 800, and upon such repossession the grantor would be entitled to have any money already advanced applied to his nonexempt property in order to protect his homestead.

The garnishee in this case having a credit of $2160 and that being more than the value of the nonexempt quarter, there was no liability from the garnishee to the defendant. It therefore follows that the garnishment proceedings should be dismissed.

The view we take makes it unnecessary to consider the other points raised in appellant's brief.

The judgment appealed from is reversed.

SMITH, P. J., and POLLEY, ROBERTS, and RUDOLPH, JJ., concur.

VERN J. WOHLHETER, Circuit Judge, sitting in lieu of Sickel, J., disqualified.