**In re Shirley M. CORBLY, Debtor.**

**Bankruptcy No. 484–00310.**

United States Bankruptcy Court,
D. South Dakota.

June 4, 1986.

---

844

Rick A. Yarnall, Moore, Rasmussen, Kading & McGreevy, Sioux Falls, S.D., for petitioner.

Doug Cummings, Sioux Falls, S.D., for respondent.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

### Introduction

This matter is before the Court on an objection to claimed exempt property filed on behalf of the City of Colton ("City"), Colton, South Dakota, by Attorney Rick A. Yarnall on February 19, 1985. The City substantively alleges that: 1) the debtor's May, 1984, filing of a government land patent, which was issued to an unrelated remote grantor almost one hundred years earlier (1886), does not constitute a reissuing of a land patent thereby qualifying certain real property for exemptions provided by 43 U.S.C. § 175; and 2) the debtor may not properly claim a homestead exemption in four parcels of real property under S.D.C.L. Ch. 43–31 because the mandatory statutory requirements have not been met. Attorney Doug Cummings represented Shirley M. Corbly, and a hearing was held in Sioux Falls, South Dakota, on November 21, 1985.

### Background

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on October 3, 1984. According to her B Schedules, a subsequent amendment, and hearing arguments, the debtor has claimed four separate parcels of real property as exempt under either federal or state law. These four properties are known as follows:

| Property Description | Amount Claimed Exempt |
| --- | --- |
| 1. Lots 7 and 8, Block 8, Colton's First Addition to the City of Colton, Minnehaha County, South Dakota (home on 100' lot) (herein Parcel One) | $10,000 |
| 2. Lots 7 through 12, Block 8, Colton's Fourth Addition to the City of Colton, Minnehaha County, South Dakota (pasture) (herein part of Parcel Two) | Debtor has claimed a $620 exemption for a combination of properties No. 2 and No. 3. These properties are contiguous properties in that thay are next to one another; therefore, they will be treated as one parcel. *See* S.D.C.L. § 43–31–3. |
| 3. Lots 1 through 6, Block 21, Colton's Fourth Addition to the City of Colton, Minnehaha County, South Dakota (pasture) (herein part of Parcel Two) | |
| 4. Lot 17 (excluding the East 20 feet) and all of Lot 18 and East 9 feet of Lot 19 of Block 27, Colton's Fourth Addition to the City of Colton, Minnehaha County, South Dakota (old gas station which is used as a storage barn) (herein Parcel Three) [1] | $ 3,800 |

Amounts claimed exempt on these properties are also equal to their estimated fair market values.

The City and the debtor have been locked in legal combat for over six years. Apparently, it all began in late 1979 when the debtor built an addition onto a house, on a property not in issue, without first applying for a building permit. While filing notices of lis pendens against that property and Parcel One (house), the City brought suit for injunction and removal against the

---

1. In its brief, the City of Colton insists that the correct legal description of this property is Lots 16, 17, 18, and the East 9 feet of Lot 19, in Block 27, of Colton's Third Addition to Colton, Minnehaha County, South Dakota.

debtor and other family members. The state court subsequently enjoined use or occupancy and ordered the addition's immediate removal. After an unsuccessful state supreme court appeal and rehearing, the debtor refused to abide by the circuit court's removal order and she was found in contempt. At a later, February 25, 1983, punishment hearing, the City received a judgment against the debtor in the amount of $7,824.90 plus costs.

Parcel One includes a home where the debtor and her husband live and a 100-foot lot. This property's pertinent chain of title history is reflected as follows:

| Property Transactions | Date Filed With the Minnehaha County Register of Deeds |
|---|---|
| 1. Richard Corbly sold his interest in this property to his wife, Shirley Corbly (debtor), by quit claim deed for one dollar and other valuable consideration. | June 3, 1975 |
| 2. City of Colton (creditor) filed a Notice of Lis Pendens with respect to Civil Action No. CIV80–2145. | May 5, 1981 |
| 3. Richard and Shirley Corbly (debtor) filed a document purporting to be a government land patent, No. 4499, in Book 145, Page 373 (references Parcel One). | August 30, 1982 |
| 4. Richard and Shirley Corbly (debtor) filed a document purporting to be a government land patent, No. 4499, 5915, in Book 145 at Page 438 (references Parcel One). | September 8, 1982 |
| 5. Richard and Shirley Corbly (debtor) filed an Affidavit of Homestead Claim (covers all four parcels). | October 8, 1982 |
| 6. Neal Rinehart (who is one of the debtor's sons) filed an Affidavit of Homestead Claim (covers all four properties). | June 3, 1983 |
| 7. Shirley Corbly (debtor) sold her interest in the property to Richard Corbly, Neal Rinehart (son), Steven Rinehart (son), and Shirley Corbly (debtor), as joint tenants, by warranty deed for one dollar and other valuable consideration. | April 24, 1984 |

Parcel Two includes two pastureland tracts which are next to one another and, therefore, contiguous under South Dakota law. See S.D.C.L. § 43–31–3. Although the exact acreage was not made part of the record, these properties cover one town block. The debtor filed a document purporting to be a government land patent and an Affidavit of Homestead Claim covering both properties. According to a City of Colton map, which was made part of the record, these properties are approximately two blocks south of Parcel One (home). Other than the debtor's undisputed claim that these properties were used for horse grazing, no other information was provided.

Parcel Three is an old gas station which is used exclusively as a storage shed for hay and the like. This property's pertinent chain of title history is reflected as follows:

| Property Transactions | Date Filed With the Minnehaha County Register of Deeds |
|---|---|
| 1. Leslie and Dorth Kindt sold their interest in the property to Richard and Shirley Corbly (debtor), as joint tenants, by warranty deed for one dollar and other valuable consideration. | July 21, 1978 |
| 2. Richard and Shirley Corbly (debtor) filed an Affidavit of Homestead Claim (covers all four parcels). | October 8, 1982 |
| 3. Neal Rinehart (who is one of the debtor's sons) filed an Affidavit of Homestead Claim (covers all four properties). | June 3, 1983 |
| 4. Richard and Shirley Corbly (debtor) sold their interest in the property to Neal Rinehart, Steven Rinehart (sons), and themselves, as joint tenants, by warranty deed for one dollar and other valuable consideration. | April 24, 1984 |

No document purporting to be a government land patent was filed by the debtor specifically referencing this property. According to the map, this property is slightly over three blocks east of Parcel One and approximately five blocks northeast of Parcel Two. No other information was provided.

Introduced into evidence was a copy of a federal homestead patent which was issued to John E. Colton on June 13, 1886. The patent represented fee simple ownership in certain real property known as follows: "northeast quarter of section twenty seven ... township one hundred and four north range fifty one west of the Fifth Principal Meridian in Dakota Territory, containing one hundred and sixty acres." Apparently, the debtor filed this with the Minnehaha County Register of Deeds on May 4, 1984.

## Issues

The principal issues raised are: 1) Whether South Dakota's opting out of federal exemptions provided under Bankruptcy Code Section 522(d) in favor of its own exemptions precludes a debtor from claiming other federal exemptions; 2) Whether the May, 1984, filing of a government land patent, which was originally issued to an unrelated remote grantor almost one hundred years earlier, constitutes a reissuing of a land patent thereby qualifying certain real property for exemptions provided by 43 U.S.C. § 175; 3) Whether the debtor's 1982 filing of certain fill-in-the-blank forms purporting to be government land patents qualifies certain real property for exemptions as provided by 43 U.S.C. § 175; and 4) Whether the debtor may properly claim a homestead exemption in four parcels of real property under S.D.C.L. Ch. 43–31.

## Law

### A. First Issue

■ As to the first issue, the Court finds that South Dakota's opting out of Section 522(d) exemptions in favor of its own exemptions does not preclude a debtor from claiming other federal exemptions and, therefore, holds that it may properly consider the debtor's federal homestead exemption claim.

South Dakota has opted out of the federal exemptions which are allowed under Section 522(d) in favor of its own exemptions. S.D.C.L. §§ 43–31–30 and 43–45–13.[2] See

2. S.D.C.L. §§ 43–31–30 and 43–45–13 read as follows:

*also In re Stephenson,* 35 B.R. 69, 71 (Bkrtcy.D.S.D.1983).

Under the Bankruptcy Code, a debtor who has filed in a state which has not opted out has a choice of either the federal exemptions provided in Section 522(d) or that particular state's exemptions. 11 U.S.C. § 522(b)(1), (2). If the debtor opts for that state's exemptions, he or she is also entitled to federal exemptions other than those provided in Section 522(d). *Id. See also* H.R.Rep.No. 595, 95th Cong., 1st Sess. 360–61 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787; 3 *Collier on Bankruptcy* ¶ 522.09 at 522–44 (15th ed. 1985). Items which may be exempted include:

Foreign Service Retirement and Disability payments, 22 U.S.C. § 1104;

Social security payments, 42 U.S.C. § 407;

Injury or death compensation payments from war risk hazards, 42 U.S.C. § 1717;

Wages of fishermen, seamen, and apprentices, 46 U.S.C. § 601;

Civil service retirement benefits, 5 U.S.C. §§ 729, 2265;

Longshoremen's and Harbor Workers' Compensation Act death and disability benefits, 33 U.S.C. § 916;

Railroad Retirement Act annuities and pensions, 45 U.S.C. § 228(L);

Veterans benefits, 45 U.S.C. § 352(E); [*Ed. Note:* Correct citation is 38 U.S.C. § 770(6).];

Special pensions paid to winners of the Congressional Medal of Honor, 38 U.S.C. § 3101; and

Federal homestead lands on debts contracted before issuance of the patent, 43 U.S.C. § 175.

While less than artfully drafted, Section 522(b) does not itself preclude a debtor who has filed in a state which has opted out of Section 522(d) exemptions from claiming other federal exemptions. 11 U.S.C. § 522(b). Moreover, the South Dakota "opt out" statutes only specifically preclude Section 522(d) exemptions.[3] S.D.C.L. §§ 43–31–30 and 43–45–13. Also, any attempt to limit other federal exemptions may violate the Supremacy Clause. U.S. Const. art. I, § 8, cl. 4; U.S. Const. art. VI, cl. 2; *see Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

Based on this, the Court finds that South Dakota's opting out of Section 522(d) exemptions in favor of its own exemptions does not preclude a debtor from claiming other federal exemptions and, therefore, holds that it may properly consider the debtor's federal homestead exemption claim.

### B. Second Issue

■ As to the second issue, the Court finds that the May, 1984, filing of a land patent, which was originally issued to a remote unrelated grantor almost one hundred years earlier, neither constitutes a reissuing of a land patent nor continuation of the protection as provided to the original patentee, and the Court, therefore, holds that, on this theory, this property is not exempt from the judgment lien under 43 U.S.C. § 175.

■ Under the 1862 Homestead Act, patentees may claim and receive from the government a homestead land grant not to exceed 160 acres. 43 U.S.C. §§ 161–164. A federal land patent conveys fee simple ownership to the patentee. *In re Mauk,* 56 B.R. 445, 447 (Bkrtcy.N.D.Ohio 1985). As a general rule, the patent serves in the same capacity as a deed. *Id.* This property was exempt from certain debts under 43 U.S.C. § 175, which read as follows:

No land acquired under the provisions of the homestead laws and laws supplemental and amendatory thereof shall in any

In accordance with the provision of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state are not entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), exemptions which this state specifically does not authorize. Nothing herein affects the exemptions given to residents of this state by the state Constitution and the South Dakota statutes.

**3.** *See* n. 2.

event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor.

What this means is that Section 175 bars debts contracted by the patentee prior to the date of patent issuance. *Heran v. Elmore*, 157 N.W. 820 (S.D.1916); *Van Doren v. Miller*, 85 N.W. 187 (S.D.1901). *See also In re Mauk*, 56 B.R. at 445. However, except for Alaska, the Homestead Act was prospectively repealed effective October 21, 1976. *See* Pub.L. 94–579, Title VII, § 702; 90 Stat. 2787.

While less than clear, the debtor apparently contends that, because the land was originally patented and she followed certain procedures, including the filing of a copy of the patent in May, 1984, this constitutes either a reissuing of the patent or continuing protection of the property as provided to the original patentee.

In the instant case, the government issued the land patent to John E. Colton in 1886. Now, almost one hundred years later, the debtor desires its benefits based on her following certain procedures and her May, 1984, land patent filing. With respect to John E. Colton, the debtor may best be described as an unrelated remote grantee.

The debtor's argument is fraught with legal and analytical defects. It ignores completely that, prior to claiming this property as exempt from the City's judgment lien, the government must issue her a land patent as it did to John E. Colton in 1886. *See* 43 U.S.C. § 164. No authority was found as standing for the proposition that a refiling of an unrelated remote grantor's land patent almost one hundred years later constitutes a government patent grant. This borders on the ridiculous. This is simply because it is not Mr. Colton's debt which he contracted prior to 1886 but a debt incurred by the debtor and imposed on property owned by her in the 1980's. It also ignores that, except for those lucky Alaskans, the Homestead Act was repealed in 1976, which is almost six years before her alleged federal patent interest. Because the debtor lives in South Dakota, nothing more need be said on this point.

If the debtor intended by her argument that because a federal land patent was issued on this property all future judgments are void, then the Court need only note that the federal land patent only conveys fee simple ownership to the patentee and not a prospective all-encompassing 160-acre homestead exemption protection to remote grantees.

## C. Third Issue

As to the third issue, the Court finds that the debtor's 1982 filing of certain fill-in-the-blank forms does not constitute government land patents under Title 43, and the Court, therefore, holds that, on this theory, this property is not exempt from the judgment lien under 43 U.S.C. § 175.

In the instant case, the debtor filed what is essentially fill-in-the-blanks land patents in the Minnehaha recorder's office on August 30, 1982. The Court may only wonder where the debtor found these forms. In any event, this theory suffers from the same legal defects as the 1984 land patent reissuing theory. It both completely ignores that the government must issue the land patents and the Homestead Act was repealed in 1976. Nothing more need be said on this issue.

## D. Fourth Issue

As to the fourth issue, the Court finds that the City has failed to prove that the debtor has improperly claimed a homestead on Parcel One, which includes her home, and, therefore, the debtor is entitled to claim the $8,350 as exempt. The Court further finds that the City has proved that the debtor has improperly claimed a homestead interest in Parcels Two and Three, which include two tracts of pastureland and a storage barn, and, therefore, holds that the debtor is not entitled to claim the remaining $4,420 as exempt.

The City, as the objecting party, has the burden of proving that the debtor is not entitled to the claimed homestead exemption. *In re Wood*, 8 B.R. 882, 885 (Bkrtcy. D.S.D.1981); Bankr.R.P. 4003(c).

South Dakota Constitution Article XXI, § 4, provides:

The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws.

■ The homestead exemptions carrying out the foregoing provisions are found in S.D.C.L. Ch. 43–31. *See Speck v. Anderson*, 318 N.W.2d 339 (S.D.1982). Under South Dakota law, a homestead, as defined and limited in Chapter 43–31, is absolutely exempt, and proceeds up to $30,000 are also exempt for a period of one year. S.D.C.L. § 43–45–3. *See also In re Stephenson*, 35 B.R. 69 (Bkrtcy.D.S.D.1983). Homestead laws are liberally construed for the creation and protection of the family home. *Ramsey v. Lake County*, 14 N.W.2d 125, 126 (S.D.1944). The underlying purpose is to "provide the security of a home to a family against the claims of creditors." *Speck*, 318 N.W.2d at 343.

■ Section 43–31–1 provides that a family may claim an exemption if it possesses the character of a homestead. S.D.C.L. § 43–31–1. The most important factor for determining homestead character attachment is the debtor's intent. *In re Lemme*, 41 B.R. 829, 831 (Bkrtcy.D.S.D.1984), *citing as authority, Harter v. Davison*, 53 S.D. 399, 220 N.W. 862 (1928); *Aisenbrey v. Hensley*, 70 S.D. 294, 17 N.W.2d 267 (1945).

Under South Dakota law, a homestead may include different lots or tracts with buildings if "they are contiguous [or] they are habitually and in good faith used as part of the same homestead." S.D.C.L. § 43–31–3. This is further limited by Section 43–31–2, which reads, in pertinent part, as follows:

[A homestead] must not embrace more than one dwelling house or any other buildings except such as are appurtenant to the homestead as such; but a shop, store, or other building situated on real property and really used or occupied by the owner in the prosecution of his own ordinary business may be deemed appurtenant to such homestead.

S.D.C.L. § 43–31–2.

Appurtenance, according to Black's Law Dictionary, 4th ed., means, "That which belongs to something else: something annexed to another thing more worthy as principal and which passes as incident to it." Webster defines it as pertaining to some more important thing. A thing is "appurtenant" to something else "only when it stands in relation of an incident to a principal and is necessarily connected with the use and enjoyment of the latter." *In re Sueppel's Estate*, 124 N.W.2d 154, 157 (Iowa 1963). Although South Dakota case law is limited, the South Dakota Supreme Court has noted that "a horse barn, chicken coop, or pig sty, all of which, owing to their use in providing means of comfort and sustenance for the occupants of a homestead, might be appurtenant to such homestead." *Henry v. Meade County Bank*, 34 S.D. 369, 148 N.W. 626, 627 (1914).

While conceding in its brief that the debtor may properly claim her home property (Parcel One) as having a homestead character, the City contends that she may not properly claim a homestead interest in the other three properties because they are neither appurtenant nor contiguous to the "dwelling house" as required under South Dakota law. As support for its argument, the City notes both the distance of the other properties from the home place and their different purchase dates. The Court agrees with the City's assessment as to what the real issue in the instant case is.

■ This is because it is undisputed that the debtor and her husband have for many years lived in the house located at Parcel One and that she has owned an interest in that property since 1975. Under South Dakota law, it is axiomatic that either a joint tenant or tenant in common may properly claim a homestead interest. *Oswald v.*

*McCauley,* 8 Dak. 289, 42 N.W. 769 (S.D. 1889). *See also In re Wood,* 8 B.R. 882 (Bkrtcy.D.S.D.1981) (debtors who held the property only by license were entitled to a homestead exemption). Moreover, the debtor filed an Affidavit of Homestead Claim covering this property. The Court finds that these factors clearly evidence an intent by the debtor to make this her home. Because of this, the Court finds that the City has failed to prove that the debtor has improperly claimed a homestead as to Parcel One and, therefore, holds that the $10,000 claimed is exempt.

■ The question is whether the debtor may properly claim either the pastureland (Parcel Two) or storage building property (Parcel Three) as part of her homestead interest. Specifically, the issue is whether the properties are "appurtenant" to the debtor's home and have been in good faith and habitually used as part of the same homestead. As to this issue, the Court finds that the City has sustained its burden of proving that neither the pastureland nor the storage barn is "appurtenant" to the debtor's home.

This is because, in view of the various appurtenant definitions and the spirit of the *Henry* holding, the storage barn and pastureland properties have to be an integral part of the use of the debtor's home. The pastureland and storage barn properties were neither purchased as part of nor on the same date as the house purchase. All properties are separately located within the City. While, admittedly, horses may be a "comfort" to the debtor, they still are not connected to the use of her home. The Court may have found differently if either the storage barn or pastureland was within a much closer proximity to the debtor's home or was part of the same original purchase. It is otherwise difficult to see how these properties are an integral part of the use of the debtor's home—she only uses the other properties and that is not enough.

Accordingly, based on the foregoing, this Memorandum Decision constitutes the Court's Findings of Fact and Conclusions of Law pursuant to Bankr.R.P. 7052 and 9014 and F.R.Civ.P. 52. Counsel for the City of Colton is directed to submit an appropriate order in accordance with Bankr.R.P. 9021.