Diana KELEHER, Appellant,

v.

**TECHNICOLOR GOVERNMENT SERVICES, INC., A Corporation, Appellee.**

No. 86–5472.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 1, 1987.

Decided Sept. 29, 1987.

Reconsideration Denied Oct. 19, 1987.

---

John M. Gridley, III, Sioux Falls, S.D., for appellant.

Catherine V. Piersol, Sioux Falls, S.D., for appellee.

Before HEANEY, BOWMAN and WOLLMAN, Circuit Judges.

HEANEY, Circuit Judge.

This case raises the question whether proceeds from the sale of a home are exempt from claims of creditors under the South Dakota homestead exemption, S.D. Codified Laws § 43–45–3(2), when those proceeds are commingled with non-exempt monies in a savings account. We reverse the district court and hold that such proceeds do not lose their exempt status simply because they are commingled with non-exempt monies.

On April 11, 1986, the appellant, Diana Keleher, sold her home in Sioux Falls, South Dakota. She received $3,931.31 for the equity in the house. She deposited this entire sum in her bank account, bringing the balance to $12,288.52. She thereafter made a series of withdrawals.

On June 3, 1986, a levy on her account in the amount of $6,260.00 was made for a debt owed to the appellee, Technicolor Government Services, Inc. (Technicolor). At this time, Keleher had $8,217.10 in her account. On that same day, Keleher received notice of the levy. On June 9, 1986, she filed a claim of exemptions, including one for the homestead proceeds.

On November 3, 1986, after a hearing, the district court held that because Keleher had deposited the proceeds from the sale of the homestead in the savings account with non-exempt funds, the homestead proceeds lost their identity and thereby their exempt status.[1]

In this diversity case, we must determine what the highest court in South Dakota would hold were it called upon to decide the issue. *See Kifer v. Liberty Mutual Insurance Co.*, 777 F.2d 1325, 1329 (8th Cir. 1985). We must also grant the interpretation of South Dakota law by this federal district judge sitting in South Dakota substantial deference unless it is "fundamentally deficient in analysis or otherwise lacking in reasoned authority." *Dabney v. Montgomery Ward & Co., Inc.*, 761 F.2d 494, 499 (8th Cir.), *cert. denied*, 474 U.S. 904, 106 S.Ct. 233, 88 L.Ed.2d 232 (1985).

We look first to the statute. Section 43–45–3(2) states that when a homestead is sold:

under the provisions of chapter 21–19, or is sold by the owner voluntarily, the proceeds of such sale, not exceeding the sum of thirty thousand dollars, is absolutely exempt for a period of one year after the receipt of such proceeds by the owner.

The South Dakota Supreme Court has liberally construed the homestead exemptions. That court stated in *Speck v. Anderson*, 318 N.W.2d 339 (S.D.1982), "[t]here is no question but that this court

---

**1.** Technicolor argues that the district court opinion should be upheld on the alternate ground that because Keleher was not a resident of South Dakota, S.D. Codified Laws § 43–45–7(2) bars her from retaining the homestead exemp-

tion. This argument has no merit since section 43–45–7 by its express terms does not apply to "absolute" exemptions which the homestead exemption clearly is. *See* section 43–45–3.

has over the years jealously and assiduously protected the homestead exemptions guaranteed by our constitution and statutes." *Id.* at 343. In *Speck* the South Dakota Supreme Court quoted *In re Schneider's Estate*, 72 S.D. 174, 179, 31 N.W.2d 261, 264 (1948), where the South Dakota Supreme Court stated that "[t]hroughout the entire history of this court *no* inroads upon the homestead exemption have been recognized except such as were clearly in accord with the constitutional mandate, Art. XXI, § 4, Constitution of South Dakota, and found clear expression by the legislature" (emphasis added).

In *Aisenbrey v. Hensley*, 70 S.D. 294, 17 N.W.2d 267, 269 (1945), the South Dakota Supreme Court stated the rule that the "debtor in the absence of any expression of a contrary intention should be presumed to intend no further peril to his homestead right than the necessity demanded."

We can find no statutory or constitutional language supporting the district court's decision. Moreover, it is readily apparent that convenience, rather than necessity, prompted Keleher to deposit her homestead proceeds in her savings account along with other monies. She gained nothing from this action except avoiding the bother of establishing an additional account. Because her account never dipped below the amount of the homestead proceeds, she never effectively withdrew more money from her account than she had before she deposited the homestead proceeds.

In effect, we are only presuming that Keleher intended to spend her homestead proceeds last, as any rational person would do in her position. This clearly comports with the rule enunciated in *Speck* and *Aisenbrey* that a debtor cannot be presumed

to willingly imperil his or her homestead exemption unless "necessity" so requires or unless the debtor does so expressly.[2]

The district court cited no South Dakota cases in ruling that homestead proceeds lose their exemption when they are commingled with other monies. It also did not explain its holding. In light of this and the above analysis of South Dakota law, therefore, we reverse the district court.

---

2. We do note a Florida case, *Orange Brevard Plumbing & Heating Co. v. La Croix,* 137 So.2d 201, 206 (Fla.1962), which held that in Florida, in order to satisfy requirements of exemption from claims of creditors of funds from the voluntary sale of a homestead, "the funds must not be commingled with other monies of the vendor but must be kept separate and apart and held for the sole purpose of acquiring another home." The Florida exemption interpreted by the Supreme Court of Florida is different from the South Dakota exemption. Under the Flor-

ida exemption, the debtor must have intended to reinvest the money in another homestead. Moreover, there is no specific time limitation in Florida on when those proceeds have to be reinvested. Thus, in Florida it is much more vital that the particular proceeds be traceable in order to determine the intent of the debtor with respect to those funds. Under the South Dakota statute, no intent to reinvest is required. Furthermore, there is simply a one year exemption. Thus, tracing the specific proceeds is not so important.