**In re Jessie Joyce HUGHES, and Carroll Lee Hughes, Debtors.**

**Bankruptcy No. 99–40302.**

United States Bankruptcy Court, D. South Dakota, Southern Division.

Oct. 18, 1999.

Douglas P. Cummings, Sioux Falls, SD, for debtors.

John S. Lovald, Pierre, SD, trustee.

Bruce J. Gering, Sioux Falls, SD, Office of the U.S. Trustee.

## MEMORANDUM OF DECISION RE: TRUSTEE'S OBJECTION TO DEBTORS' ADDITIONAL PERSONAL PROPERTY EXEMPTION CLAIM

IRVIN N. HOYT, Chief Judge.

The matter before the Court is Trustee John S. Lovald's July 23, 1999 objection to Debtors' amended schedule of exempt property. This is a core proceeding under 28 U.S.C. § 157(b)(2). This Memorandum of Decision and accompanying Order shall constitute the Court's findings and conclusions under F.R.Bankr.P. 7052(a). As set forth below, the Court concludes that the Trustee's objection must be sustained.

### I.

Jessie J. and Carroll L. Hughes (Debtors) filed a Chapter 7 petition on April 12, 1999. In their schedules filed the same day, Debtors stated they owned a home valued at $30,000. The home did not have any encumbrances against it. Debtors declared this home exempt under S.D.C.L. §§ 43–31–1, –2, –3, and –4 and 43–45–3.

They valued this homestead exemption at $30,000.

Chapter 7 Trustee John S. Lovald objected to Debtors' homestead exemption on June 3, 1999. He argued that Debtors' home was actually worth $40,000 and that Debtors thus exceeded their allowed homestead exemption by $10,000. Debtors responded on June 9, 1999. They stated their home is absolutely exempt because it still maintains the character of a homestead and because they have no present intent to discontinue its occupancy as a homestead. Debtors later clarified that they would argue that S.D.C.L. § 21–19–2, which governs the sale of a homestead, is unconstitutional.

At the July 13, 1999 hearing on the homestead exemption objection, Trustee Lovald and counsel for Debtors stipulated that the value of Debtors' home, plus sale costs, would exceed $30,000 and that no judgments had been entered pre-petition against Debtors in the county where the home is located.

After the hearing, Debtors filed an amended schedule of exempt property to claim $4,865 exempt as the unused portion of their additional personal property exemptions under S.D.C.L. § 43–45–4 [1]. The $4,865 is to come from proceeds if their homestead is sold by the Trustee. On July 23, 1999, Trustee Lovald objected to this amended exemption on the grounds that Debtors can use § 43–45–4 to only claim personalty exempt. Debtors filed a response on July 28, 1999. They stated that if their homestead is sold, they should be allowed to use § 43–45–4 to declare additional homestead sale proceeds exempt up to $4,865 since the proceeds would be personalty. At the Court's request, Debtors clarified on August 16, 1999 that they had not abandoned their original argument that their entire homestead is absolutely exempt. Instead, Debtors stated that the amended schedule of exemptions is to be

---

1. Debtors' amendment erroneously cited § 45–43–4, which they corrected in a later pleading.

considered an alternative theory for protecting more of their homestead if they lose on their constitutional challenge to S.D.C.L. § 21–19–2.

Trustee Lovald's objection to Debtors' homestead exemption and Debtors' challenge to the constitutionality of S.D.C.L. § 21–19–2 are addressed in a separate memorandum and decision. The Court ruled that Debtors' homestead exemption is limited to $30,000 in value. That now brings before the Court Debtors' amended schedule of exemptions and Trustee Lovald's objection to it.

## II.

 In the District of South Dakota the property that a bankruptcy debtor may exempt is defined by state law. 11 U.S.C. § 522(b)(2) and S.D.C.L. § 43–45–13. A debtor's entitlement to an exemption is generally determined on the day he files his bankruptcy petition. 11 U.S.C. § 522(b)(2)(A); *Mueller v. Buckley (In re Mueller)*, 215 B.R. 1018, 1022 (8th Cir. BAP 1998) (cites therein). Under certain circumstances, property that the case trustee or the debtor may recover during the administration of the case may also be declared exempt by the debtor. *See* 11 U.S.C. §§ 522(g) and (i). Exemptions are construed liberally in favor of the debtor. *Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630, 631 (8th Cir.1991).

## III.

 By the express terms of S.D.C.L. §§ 43–45–3(2) and 43–45–4, Debtors cannot claim more than $30,000 in homestead sale proceeds exempt. Section 43–45–3(2) limits the exemption of homestead sale proceeds in two ways: first, to a value of $30,000 and, second, for a period of one year after the proceeds are received. Section 43–45–4 then complements the homestead exemption and the absolute personalty exemptions of § 43–45–2. It allows a debtor to exempt additional personalty "from all the other debtor's personal property" valued up to $6,000 or $10,000, de-

pending on whether the debtor is a head of household. When these statutes are read together, as they must be, *Electrical and Magneto Service Co. v. AMBAC International Corp.*, 941 F.2d 660, 662 (8th Cir. 1991), and *In re Northwestern Public Service Co.*, 560 N.W.2d 925, 927 (S.D.1997), it is clear that the South Dakota legislature limited the exemption of homestead proceeds to $30,000. A debtor cannot use his additional personal property exemption under § 43–45–4 to recover more homestead sale proceeds. Just as the South Dakota legislature has limited the amount of wages a debtor may exempt, S.D.C.L. §§ 43–45–14 and 21–18–53, so too has it limited the amount of homestead proceeds a debtor may exempt. *See Accounts Management, Inc. v. Williams*, 484 N.W.2d 297, 301 (S.D.1992) ("The fact that wages are differentiated from other property makes the statute no more irreconcilable than other statutes which exempt homesteads, Bibles, etc.")

It is true that the homestead proceeds became part of the bankruptcy estate, 11 U.S.C. § 541(a)(6), and that Debtors are permitted to file exemptions from estate property. 11 U.S.C. § 522(b). That any sale of the homestead will be under bankruptcy law, however, does alter the fact the proceeds are homestead proceeds and that § 43–45–3(2) limits their exemption to $30,000. They retain their character as homestead sale proceeds. *See Keleher v. Technicolor Government Services, Inc.*, 829 F.2d 691, 692–93 (8th Cir.1987) (exempt homestead proceeds do not loose their exempt status when commingled with other funds). *See also Harris v. Herman (In re Herman)*, 120 B.R. 127, 130 (9th Cir. BAP 1990) (post-petition transformation of property does not alter the exempting analysis) (cites therein).

 Finally, the provisions of § 522(g) and (i), which allow a debtor to exempt certain property recovered during the administration of the bankruptcy estate, do not aid Debtors. A sale of an estate asset by the Trustee is not included among the

types of recoveries that these subsections address.